**Debbie JONES, Plaintiff,**

**v.**

**INTUITION, INC. f/k/a BTI Services, Inc. and Tennessee State Assistance Corp., Defendants.**

**Civil No. 97–2614–G.**

United States District Court,
W.D. Tennessee,
Western Division.

May 29, 1998.

---

William A. Cohn, Memphis, TN, for Debbie Jones.

R. Mark Glover, Baker, Donelson, Bearman & Caldwell, Memphis, TN, for Intuition, Inc.

Teresa C. Azan, Assistant Attorney General, Nashville, TN, for Tennessee State Assistance Corp.

## ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

GIBBONS, Chief Judge.

Before the court are the cross-motions for summary judgment of defendants InTuition, Inc. and Tennessee State Assistance Corp. ("TSAC") and plaintiff Debbie Jones. Plaintiff filed this action on July 9, 1997, seeking relief under the Fair Debt Collection Prac-

tices Act of 1977, ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, for defendant InTuition's conduct in collecting plaintiff's allegedly outstanding debt. Defendant TSAC was permitted to intervene as a defendant by order of this court on January 8, 1998, and has filed a motion for summary judgment against plaintiff. For the following reasons, the court denies plaintiff's motion for summary judgment and grants the motions of defendants InTuition and TSAC in their entirety.

Defendant TSAC was created by charter of the State of Tennessee, T.C.A. §§ 49–4–201 *et seq.*, to guarantee and administer student assistance programs, one of which is the Federal Family Education Loan Program ("FFELP"). (Ron Gambill Aff. at 1). Defendant TSAC entered into a contract with defendant InTuition, a comprehensive student loan servicer specifically catering to loan guarantors participating in the FFELP program, for the provision of services. (Def. InTuition Mot. Summ. J., Ex. 1). Defendant InTuition services the FFELP loans guaranteed by defendant TSAC by providing the following services: "(1) application processing, (2) guarantee fee billing, (3) loan maintenance, (4) program management analysis and training, (5) preclaims assistance, (6) claims processing, (7) post-claims recoveries, and (8) last resort lending." (*Id.*, Mark Scanlon Aff. at 2–3).

While pursuing a post-secondary education, plaintiff secured an FFELP student loan through First Tennessee Bank for $1,682.00. (Scanlon Aff. at 6). Defendant TSAC guaranteed the loan. (*Id.*). Plaintiff was to have received the loan in two disbursements. First Tennessee, however, allegedly issued only the first disbursement for $841.00 on September 26, 1986, and canceled the second on March 23, 1987. (*Id.*)

Plaintiff became delinquent in her repayment of the loan on or about October 23, 1989 and eventually defaulted on the loan on or about September 22, 1990. (*Id.* at 7). Defendant InTuition contends that it began to perform preclaims assistance at the request of First Tennessee on January 13, 1990. (*Id.*) First Tennessee later filed a default claim with the loan guarantor, defendant TSAC, on or about October 25, 1990.

(*Id.*) On January 3, 1991, defendant InTuition claims that as defendant TSAC's loan servicer, it approved payment by defendant TSAC on the default claim to First Tennessee for $989.79. (*Id.*) Defendant InTuition claims that its internal efforts to collect plaintiff's outstanding debt, which consisted of two letters and two telephone calls to plaintiff, failed. (*Id.*). Defendant InTuition acknowledges that between March 18, 1991 and May 28, 1991, plaintiff made three payments on the loan totaling $90.00. (*Id.*)

Plaintiff filed a Chapter 13 bankruptcy proceeding in February 1992. On or about February 20, 1992, defendant InTuition, on behalf of defendant TSAC, received notice of plaintiff's bankruptcy proceeding. (Scanlon Aff. at 8). Defendant InTuition filed a proof of claim with the bankruptcy court in the amount of $930.86, the amount of the outstanding loan, on February 22, 1992. (*Id.*) Under plaintiff's Chapter 13 Wage Earner Plan, defendant InTuition subsequently received payment on the outstanding loan in the amount of $1081.36 between August 24, 1992 and April 24, 1995. (*Id.*) Plaintiff contends that this amount represents the full outstanding principal plus the contract rate of interest. (Jones Aff. at 1). Plaintiff further asserts that defendant TSAC did not object to the plan or file any post-discharge motions with respect to the Chapter 13 plan. (*Id.*) Defendant InTuition adds that at no point during the bankruptcy proceeding did plaintiff assert that her student loan qualified for discharge because of undue hardship or other provisions under 11 U.S.C. § 523(a)(8). (Scanlon Aff. at 8). The bankruptcy court entered an order of discharge on October 8, 1996. (*Id.*; Def. Mot. Summ. J., Ex. A). That order discharges "all debt provided for under the Plan," except for debts described in 11 U.S.C. § 523(a)(5),(8), which includes student loans. (Def.Mot.Summ. J., Ex. A).

According to defendant InTuition, plaintiff continued to owe $83.23 representing post-petition interest on the FFLEP loan. (Scanlon Aff. at 9). In an effort to collect this debt, defendant Intuition caused an administrative wage garnishment to be placed on plaintiff's wages. (*Id.*) Prior to the garnishment, defendant InTuition notified plaintiff of

its intended action. (*Id.*) On February 21, 1997, defendant InTuition sent an order for wage withholding to plaintiff's employer. (*Id.*) Plaintiff allegedly contacted defendant InTuition on March 5, 1997 to explain her understanding that the student loan had been paid in full. (*Id.*) Defendant InTuition contends that after it explained to plaintiff that she owed accrued post-petition interest, plaintiff paid $83.00 and defendant InTuition waived the remaining $.23 of interest due. (*Id.*) Defendant InTuition claims that on April 13, 1997, it reported plaintiff's "paid-in-full" status to all national credit bureaus. (*Id.*)

At the time of the garnishment, plaintiff was employed by a collection agency. Plaintiff asserts that the garnishment gave notice to her employer that she possessed an outstanding debt. (Jones Aff. at 1). Plaintiff further claims that defendant InTuition's conduct caused friction between herself and her employer, which eventually led to the termination of her employment. (*Id.*) Consequently, plaintiff contends that she suffered mental distress and anxiety. (*Id.*)

Plaintiff moves for summary judgment on the grounds that defendant InTuition engaged in the collection of an invalid debt in violation of the FDCPA. Specifically, plaintiff argues that defendant TSAC waived its right to claim the remainder of plaintiff's debt after the bankruptcy court issued its order of discharge, thus making defendant InTuition's collection of the debt on behalf of defendant TSAC a *per se* violation of the FDCPA. Plaintiff further asserts that defendants violated the FDCPA by garnishing her wages without proper authority to do so.[1] In addition, plaintiff brings state law contract claims, asserting that defendants were not entitled to collect the interest accrued after the bankruptcy court's implementation of plaintiff's Chapter 13 bankruptcy plan. Plaintiff contends that defendant TSAC entered into a contract with plaintiff under plaintiff's Chapter 13 plan in which defendant TSAC, by its inaction, waived its right to collect the balance of plaintiff's debt. Plain-

tiff, therefore, argues that she was not obligated to pay the allegedly remaining debt because the interest on her debt to defendant TSAC arose after the "reformation, or novation, of the contract in the Chapter 13 [proceedings]" in which she was discharged of all debt owed by her to defendant TSAC. (Pl. Mot. Summ. J. at 3).

Defendant InTuition bases its motion for summary judgment on the argument that it is not a "debt collector" within the meaning of the FDCPA and therefore may not be sued under FDCPA. In addition, defendant InTuition asserts that it is exempt from suit under the FDCPA because in its interaction with plaintiff it was a duly appointed servicer of a state agency, defendant TSAC. Both defendants InTuition and TSAC further claim that defendant InTuition did not violate the FDCPA by pursuing collection of plaintiff's debt for post-petition loan interest because the student loan and accrued interest were not discharged by the Chapter 13 bankruptcy proceedings.

Summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is appropriate "if the pleadings, depositions, answers or interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law." Fed. Rule Civ. Pro. 56(c). The party moving for summary judgment "bears the burden of clearly and convincingly establishing the non-existence of any genuine issue of material fact, and the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." *Kochins v. Linden–Alimak, Inc.,* 799 F.2d 1128, 1133 (6th Cir.1986).

When confronted with a properly supported motion for summary judgment, the non-moving party must set forth specific facts showing that there is a genuine issue for trial. A genuine issue for trial exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477

---

1. In her motion for summary judgment, plaintiff adds the state law tort claims of abuse of process and malicious prosecution. However, as neither of these claims were pled in plaintiff's complaint, they may not be considered by the court.

U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party opposing the motion must "do more than simply show that there is some meta-physical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In short, the non-moving party may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ Plaintiff brings this action for alleged violations by defendant InTuition of the FDCPA. The FDCPA seeks to eliminate "abusive, deceptive, and unfair debt collection practices" and to protect consumers who have been the victims of such practices. 15 U.S.C. § 1692; S.Rep. No. 95–382, at 1–2 (1977) *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696. Defendants argue, however, that the FDCPA does not apply in this case because defendant InTuition does not fall within the definition of "debt collector" under the FDCPA, 15 U.S.C. § 1692a(6). The FDCPA "debt collector" exception, 15 U.S.C. § 1692a(6)(F)(iii), provides an exemption to any collection agency engaged in the collection of debt not yet in default at the point in which the agency develops an interest in the debt. Under the federal regulations established for the administration of the FFELP loan program, 34 C.F.R. § 682.200(b), default is defined as the failure to make an installment period under the loan terms which persists for 180 days. Prior to the default period, the unpaid loan installment is considered delinquent. 34 C.F.R. § 682.411(b). Defendants contend that defendant InTuition began to service plaintiff's FFELP loans well before plaintiff defaulted on the loan.

Defendants direct the court to the following cases, all of which stand for the proposition that administrative student loan agencies that begin to service student loans prior to the debtor's default of the loans are excluded from application of the FDCPA under the "debt collector" exception, 15 U.S.C. § 1692a(6)(F)(iii).[2] In *Edler v. Student Loan Marketing Assoc.*, 1993 WL 625570, at *2 (D.D.C. Dec. 13, 1993), the United States Court of Appeals for the District of Columbia, after a lengthy analysis of 15 U.S.C. § 1692a(6)(F)(iii), held that because the debtor's loans were not in default when the student loan administration agency began to service them, the FDCPA was inapplicable to that agency as a matter of law. Finding likewise, the United States District Court for Connecticut determined in *Coppola v. Conn. Student Loan Found.*, 1989 WL 47419, at *2 (D.Conn. March 22, 1989), that "the legislative history of the [FDCA] indicates that Congress intended that parties who service debts not in default when obtained (such as mortgages and student loans) should be excluded from the Act's coverage." *See also Fischer v. UNIPAC Serv. Corp.*, 519 N.W.2d 793, 799 (Iowa 1994) (discussing the application of the FDCPA to loan servicing agencies and stating "[w]e believe that collection efforts by holders of federally insured student loans or their servicing companies are simply not the kind of activity Congress intended to regulate.").

■ In the present case, defendant InTuition began servicing plaintiff's student loan as late as January 13, 1990, by allegedly providing preclaims assistance on behalf of defendant TSAC. At this point, plaintiff's loan was not yet in default as she had only become delinquent on October 23, 1989. Consequently, defendant InTuition developed an interest in plaintiff's debt before plaintiff defaulted on that debt. Defendant InTuition, therefore, meets the standard set forth in the "debt collector" exception of the FDCPA and may not be the subject of suit under that statute. Although defendant InTuition offers two additional grounds for finding that it should be excepted from the FDCPA, the court finds the discussion of these additional arguments unnecessary.[3]

**2.** 15 U.S.C. § 1692a(6)(F)(iii) states in pertinent part:

The term "debt collector" ... does not include—any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent that such

activity ... concerns debt which was not in default at the time it was obtained by such person.

**3.** The court notes, however, that defendant InTuition does not qualify for exemption under 15 U.S.C. § 1692a(6)(C). That provisions exempts

■ Defendant TSAC argues that like defendant InTuition, it falls within the exception to "debt collector" under the FDCPA. Specifically, 15 U.S.C. § 1692a(6)(C) provides that: "The term [debt collector] does not include—any officer or employee of the United States or any state to the extent that collecting or attempting to collect any debt is in the performance of his official duties." Defendant TSAC is a state agency created pursuant to T.C.A. §§ 49–4–201 *et seq.* Furthermore, plaintiff does not contest that when defendant TSAC pursued the collection of plaintiff's post-petition interest through defendant InTuition, defendant TSAC was acting in performance of its official duties. Thus, the court finds defendant TSAC exempt from suit under the "debt collector" exception to the FDCPA.

■ Regarding plaintiff's state law contract claims against defendants InTuition and TSAC, plaintiff's FDCPA allegations provided the sole basis for federal jurisdiction. There is no allegation that diversity of citizenship exists among all parties. District courts have minimal discretion to exercise supplemental jurisdiction over state law claims where the federal questions that formed the basis for the original jurisdiction have been dismissed. *See* 28 U.S.C. § 1367(c)(3); *Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993), *citing United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("[I]f the federal claims are dismissed before trial ... the state claims should be dismissed as well."); *Fox v. Parker Hannifin Corp.,* 914 F.2d 795, 804 (6th Cir. 1990) (same); *Service, Hosp., Nursing Home & Public Employees Union v. Commercial Property Serv., Inc.,* 755 F.2d 499, 506 n. 9 (6th Cir.1985) *cert. denied,* 474 U.S. 850, 106 S.Ct. 147, 88 L.Ed.2d 122 (1985) ("This circuit has moved away from the position that the court has discretion to retain jurisdiction over a pendent state claim where the federal

claim has been dismissed before trial.") (citations omitted).

■ Despite this strong preference toward declining jurisdiction over remaining state claims, district courts may, in certain circumstances, retain jurisdiction. *Province v. Cleveland Press Publ'g Co.,* 787 F.2d 1047, 1054–55 (6th Cir.1986). In considering the retention of supplemental jurisdiction, the court must balance the interests of judicial economy and the avoidance of multiplicity of litigation against the interest of comity and the desire to avoid needless state law decisions. *Id.* Absent a finding of "overwhelming interests in judicial economy," the court is usually not free to retain jurisdiction. *Id.* In *Province,* the court found such an overwhelming interest because the state law claim turned on exactly the same factual finding as the federal claim and because the state law issue was primarily a factual dispute, not requiring interpretation of state law. *Id.*

In the instant action, the court finds that plaintiff's state law claims against defendants InTuition and TSAC are best resolved by a Tennessee state court. The court finds no "overwhelming interests" of judicial economy sufficient to justify retention of federal jurisdiction. The court, therefore, has no jurisdiction over plaintiff's remaining state law claims and dismisses those claims without prejudice.

Accordingly, the court grants defendant InTuition's and defendant TSAC's motions for summary judgment and denies plaintiff's motion for summary judgment.

IT IS SO ORDERED.

---

government entities or officers from suit under the FDCPA provided that the debt collection was made in the performance of official duties. This exception does not extend to nonprofit organizations with a government contract. *See Brannan v. United Student Aid Funds, Inc.,* 94 F.3d 1260, 1263 (9th Cir.1996) *cert. denied,* —— U.S. ——, 117 S.Ct. 2496, 138 L.Ed.2d 1003 (1997) (holding that the § 1692a(6)(C) exemption applies "only to an individual government officer or employee who collects debt as part of his government employment responsibilities").