Chris FRANCESCHI, Plaintiff,

v.

MAUTNER–GLICK CORP., and King Enterprises, Ltd., Defendants.

No. 98 CIV. 613 DLC.

United States District Court, S.D. New York.

Oct. 8, 1998.

---

Robert E. Sokolski, New York, NY, for plaintiff.

Santo Golino, Kucker Kraus & Bruh, L.L.P., New York, NY, for defendants.

## OPINION & ORDER

COTE, District Judge.

Plaintiff Chris Franceschi ("Franceschi") commenced this action against defendants King Enterprises, Ltd. ("King") and Mautner–Glick Corp. ("MGC") on April 23, 1998, alleging that both defendants violated the Fair Debt Collection Practices Act ("FDCPA" or the "Act"), 15 U.S.C. § 1692, *et seq.*, while attempting to collect from him an overdue rent payment. The defendants have moved to dismiss Franceschi's Complaint for failure to state a claim pursuant to Rule 12(b)(6), Fed.R.Civ.P., on the ground that neither King nor MGC are "debt collectors" under the FDCPA, rendering the Act inapplicable. For the reasons set forth below, the defendants' motion is granted.

## BACKGROUND

According to the Complaint, Franceschi was a tenant in a building owned by King. At some time during the course of his tenancy, the plaintiff incurred a debt to King by failing to pay the rent due under the terms of his rental agreement with MGC, King's management agent. According to the management agreement in effect during the time the alleged debt was incurred, MGC was under contract with King to select and enter into lease agreements with tenants, and to collect rent from tenants residing in several buildings owned by King, including the premises leased by plaintiff.

On January 8, 1998, Franceschi, through his attorney, reportedly mailed payment to King's attorney pursuant to a settlement agreement reached to resolve the plaintiff's debt. It is the plaintiff's contention that this payment constituted a final and complete settlement of his debt to King.

On January 9, 1998, MGC sent a letter to Franceschi that read as follows:

> TAKE NOTICE: THAT YOU ARE JUSTLY INDEBTED TO THE LANDLORD OF THE ABOVE PREMISES IN THE SUM OF $134.62 FOR RENT OF SAID PREMISES WHICH YOU ARE HEREBY REQUESTED TO PAY ON OR BEFORE THE EXPIRATION OF THREE DAYS FROM RECEIPT OF THIS NOTICE, IN DEFAULT OF WHICH THE LANDLORD WILL EXERCISE HIS LEGAL REMEDY, THE COST OF WHICH MAY BE ADDED TO YOUR BALANCE DUE.
>
> PAYMENTS MADE WITHIN THE LAST 3 DAYS MAY NOT BE REFLECTED ON THIS NOTICE.

Franceschi claims that in sending this letter, MGC was acting as a "debt collector" as defined in the FDCPA, and violated the Act. Specifically, Plaintiff contends that MGC, through its letter, violated the FDCPA by: (1) directly contacting a party known to be represented by counsel; (2) failing to disclose clearly that it was attempting to collect a debt, and that any information obtained would be used for that purpose; (3) failing to provide adequate information concerning notice and validation of the debt required by the FDCPA; and (4) falsely representing the character, amount, or legal status of the debt by not recognizing that the debt had been previously settled with King. Plaintiff also requests class certification.

King is alleged to have violated the FDCPA as well by using a name other than its own—MGC's name—in attempting to collect a debt, and thereby losing the protection from liability afforded to creditors by the Act. King is further alleged to be liable under Section 1692j of the Act.

The primary issue presented on this motion is whether the plaintiff's allegations as presented in the complaint suffice to establish that the FDCPA applies to MGC and to King. In addressing this issue, the Court must first decide whether either MGC or King may be considered a "debt collector" for purposes of the Act.

## DISCUSSION

### 1. The Standard and Scope of Review

A court may dismiss an action pursuant to Rule 12(b)(6), Fed.R.Civ.P., only if " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which will entitle him to relief.' " *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir.1994) (*quoting Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In considering the motion, the court must take "as true the facts alleged in the complaint and draw[ ] all reasonable inferences in the plaintiff's favor." *Jackson Nat. Life Ins. v. Merrill Lynch & Co.* 32 F.3d 697, 699–700 (2d Cir.1994). The Court can dismiss the claim only if, assuming all facts alleged to be true, plaintiff still fails to plead the basic elements of a cause of action.

The parties have included numerous documents with their submissions to the Court on this motion, including a management agreement between King and MGC and the rental agreements between Franceschi and MGC.[1] Although Franceschi did not attach the management or rental agreements to his complaint, he referred to each of them in his pleading and relied on their contents in stating his claim. As the Court informed the parties at an April 24, 1998 conference, the rental agreement in particular appears to be integral to the complaint. There was, therefore, "undisputed notice to plaintiffs of the[ ] contents [of the two agreements] and they were integral to plaintiff['s] claim." *Cortec Industries, Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 48 (2d Cir.1991). In these circumstances, it is well settled that courts may consider such documents on a motion to dismiss for failure to state a claim. *Id.* The Court will thus consider the rental and management agreements, where necessary, in deciding this motion.

---

1. The management agreement submitted by both the plaintiff and the defendants with their papers covers only 1993. According to the complaint, however, that agreement was in force during the relevant period of the plaintiff's residence in King's apartment building and neither party has suggested otherwise. The Court thus will treat that document as representative of the management agreement in place between King and MGC for the purposes of this motion.

## 2. The Fair Debt Collection Practices Act

The FDCPA prohibits a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.[2] A "debt collector" is defined as

any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). *See also Maguire v. Citicorp Retail Services, Inc.,* 147 F.3d 232, 235 (2d Cir.1998).

For the most part, creditors are not subject to the FDCPA. *Maguire,* 147 F.3d at 235. The Act defines a creditor as "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4). However, a creditor, "who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts" may be considered a "debt collector" under the FDCPA. 15 U.S.C. § 1692a(6).

### 3. MGC

■ The defendants point to numerous provisions of the FDCPA to argue that MGC is not covered by the Act. The Court agrees that MGC falls within the exception to the definition of a debt collector carved out by Section 1692a(6)(F)(iii) of the statute. As a result, the Court will not reach the additional bases for the defendants' argument as to MGC.

Section 1692a(6)(F)(iii) exempts from the definition of "debt collector"

any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... (iii) concerns *a debt which was not in default at the time it was obtained* by such person.

(Emphasis supplied). Thus, the FDCPA does not apply to collection efforts by those who obtained the right to payment on the debt before the debt was in default. The series of documents on which the plaintiff's claim depends demonstrates that MGC had "obtained" the right to collect Franceschi's debt, that is his rent, before it became overdue. To begin with, it is clear on the face of the letter from MGC to Franceschi dated January 9, 1998, and attached to the complaint, that the "debt" which MGC sought to collect was "for rent" that Franceschi allegedly owed. The rental agreement between Franceschi and MGC recognized that MGC, described as the owner's agent for purposes of that agreement, was to collect Franceschi's rent each and every month.[3] In addition, the management agreement between MGC and King gave MGC the responsibility to use "due diligence in collecting the rents and other income therefrom" from King's tenants, including Franceschi. It is clear then that MGC had not only the right but also the obligation to collect Franceschi's rent *before* as well as after such debt was "in default."

The plaintiff makes two arguments as to why the exemption contained in Section 1692a(6)(F)(iii) should not be invoked. First, Franceschi suggests that the provision's drafters, in using the term "obtained," intended to make this exemption apply only to those debts whose *ownership* was transferred or assigned to a defendant, as against those merely serviced or collected by a defendant. In support of this restrictive reading of the statute, the plaintiff points to cases that involved a defendant which had purchased a debt prior to default and thus fell

---

**2.** The Court assumes without deciding that rent is "debt" for the purposes of the FDCPA.

**3.** The rental agreement was entered into between Franceschi and "Owner, Mautner–Glick Corp., as agents." Above the signature line for the owner was typed "Mautner–Glick Corp., as agents." In the agreement, "Owner" was defined as

the person or organization receiving or entitled to receive rent from [the tenant] for the Apartment at any particular time other than a rent collector or managing agent of Owner. 'Owner' includes the owner of the land or Building, a lessor, or sublessor of the land or Building and a mortgagee in possession. It does not include a former owner, even if the former owner signed this Lease.

within this exception. *See Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir.1985) (Federal National Mortgage Association not debt collector because it purchased mortgage debt before default); *Kizer v. Finance America Credit Corp.*, 454 F.Supp. 937, 939 (N.D.Miss.1978) (defendant not debt collector because it purchased plaintiff's retail installment contract before default).

The plaintiff's narrow reading of this exemption is not supported by the language of the Act. The term "obtain" is not defined in the Act itself, so that it cannot be presumed to signify ownership or assignment alone. In addition, the fact that Congress took pains to employ the term "assignment" in other parts of the Act suggests that the broader term "obtain" in Section 1692a(6)(F)(iii) should not be read so narrowly as to be rendered just a synonym of "assignment." *See, e.g.,* 15 U.S.C. § 1692a(4). Thus, there is nothing in the statutory language to suggest that the term "obtain" a debt should not be read to include the possession of the right and responsibility to collect a debt.

Reading the word "obtain" to encompass the possession of rights and responsibilities vis a vis the debt finds ample support in the cases that have applied the FDCPA, as well as in the purposes and structure of the Act. Courts have applied the exemption found in Section 1692a(6)(F)(iii) not only to those who have purchased a debt prior to default, but also to those who had responsibility prior to default for collecting the debt owed to another. In *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106–7 (6th Cir.1996), the Court of Appeals held that an assignee of the plaintiffs' installment contract for a car purchase was not a debt collector because the loan had been assigned prior to default. The Court made clear, however, that even if the plaintiffs' true creditor remained the car dealership from whom they purchased their car, and the defendant had only obtained the debt as a servicer and not as an assignee, the defendant would still be exempted from the definition of a debt collector under Section 1692a(6)(F)(iii). *Id.* at 107–8. *See also Perry v. Stewart*, 756 F.2d at 1208 (mortgage servicing company not a debt collector); *Jones v. Intuition, Inc.*, 12 F.Supp.2d 775, 778–79 (W.D.Tenn.1998) (exemption applied to company servicing student loan); *Azar v. Hayter*, 874 F.Supp. 1314, 1319 (N.D.Fla.1995) (exemption applied to management company responsible for collection of condominium fees); *Edler v. Student Loan Marketing Ass'n*, CIV.A.92–1619, 1993 WL 625570, at *2 (D.D.C. Dec.13, 1993) (student loan servicing company); *Coppola v. Connecticut Student Loan Foundation*, No. CIV.A.87–398, 1989 WL 47419, at *2 (D.Conn. Mar.22, 1989) (same).

The legislative history of the FDCPA confirms that Congress did not intend the Act to cover companies in the business of regularly servicing outstanding debts, such as rents, for others. The Congressional Report on the Act explained that the definition of a debt collector does not include "mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing." S.Rep. No. 95–382 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1698. MGC fits squarely within this description of Congressional intent.

The application of this exemption to MGC also conforms with Congress' purpose in parsing the Act, specifically its determination that debt collectors posed a greater risk of abuse to consumers than creditors:

"Unlike creditors, who generally are restrained by the desire to protect their good will when collecting past due accounts, independent collectors are likely to have no future contact with the consumer and are often unconcerned with the consumer's opinion of them."

*Harrison v. NBD, Inc.*, 968 F.Supp. 837, 841 (E.D.N.Y.1997) (*quoting* S.Rep. No. 95–382 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1696). The Act recognizes that creditors have a natural incentive to avoid abusing their debtors and thus are less in need of policing. As the agents of the creditor, property managers such as MGC have as strong an incentive as creditors to maintain their reputation in the community in order to encourage existing and new tenants and landlords to conduct business with them. Thus, the Court's finding that MGC stands beyond

the reach of the statute is in harmony with the goals of the Act.

■ Finally, Franceschi argues that Section 1692a(6)(F)(iii) cannot exempt MGC because the debt at issue, Franceschi's unpaid rent balance, had been paid the day before MGC sent the collection letter to Franceschi. As a result, Franceschi argues, the fictitious debt could not have been "obtained" at all by MGC and thus the provision cannot apply. The plaintiff's argument is unconvincing. Section 1692a(6)(F) speaks not only of persons collecting a debt actually "owed or due," but also of those collecting any debt "asserted to be owed or due." On its face, therefore, the provision applies to collectors of alleged as well as real debt. In sum, because MGC is entitled to the exemption provided in Section 1692a(6)(F)(iii), it is not a debt collector within the meaning of the FDCPA, and the plaintiff has failed to state a claim against it.

### 4. King

■ Although a creditor such as King is normally exempt from the FDCPA, the plaintiff alleges that King is a debt collector under the Act because it used a name other than its own, namely Mautner–Glick Corp., in the collection of the debt "which would indicate that a third person is collecting or attempting to collect such debts." *See* 15 U.S.C. § 1692a(6).

> In this Circuit, the
> triggering of the FDCPA does not depend on whether a third party is in fact involved in the collection of a debt, but rather whether a least sophisticated consumer would have the false impression that a third party was collecting the debt.

*Maguire,* 147 F.3d at 235. In *Maguire,* the defendant Citicorp's subsidiary addressed a letter to the plaintiff without any reference to Citicorp on the letterhead, and without having had any prior communication with the plaintiff. The Court held that "a least sophisticated consumer" could have been misled by the letter into believing that the subsidiary was an unrelated third party, and for that reason, the plaintiff's claim against Citicorp as a debt collector could not be dismissed as a matter of law. *Id.* at 237.

Unlike the plaintiff in *Maguire,* Franceschi does not even allege that he suffered confusion as to the relationship between MGC and King. As explicitly stated in both the management agreement and the rental agreement signed by Franceschi, MGC had full responsibility for collecting rent on behalf of King and received Franceschi's rental payments as a matter of course. The fact that MGC had been openly acting as King's agent and property manager from the beginning of plaintiff's tenancy indicates that plaintiff could not have been under the impression that MGC was an independent debt collector. Even assuming that King effectively controlled MGC when the critical letter bearing MGC's name was sent, it is clear from the plaintiff's allegations that King used the name MGC "from the inception of the credit relation" and thus cannot be converted into a debt collector under the FDCPA by using that same name once more to collect the overdue rent. *See id.* at 235. *See also Dickenson v. Townside T.V. & Appliance, Inc.,* 770 F.Supp. 1122, 1128 (S.D.W.Va.1990) (creditor may use name other than its own when dealing with debtor "as long [as] it has consistently dealt with such debtor since the beginning of the credit relationship at issue under such name"). To the extent that the plaintiff's claims against King rest upon its status as a debt collector, therefore, those claims cannot succeed as a matter of law.

■ In a single paragraph of his complaint, the plaintiff suggests that King's "control over and/or use of Defendant, Mautner–Glick Corp.'s name in the collection of its debts, and in the sending of demand letters to the Plaintiff, and others, violates § 1692j." Section 1692j provides in pertinent part as follows:

> (a) It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

15 U.S.C. § 1692j(a). Congress passed this provision specifically to address an abusive practice known in the credit industry as "flat-rating":

> A 'flat-rater' is one who sells to creditors a set of dunning letters bearing the letterhead of the flat-rater's collection agency and exhorting the debtor to pay the creditor at once. The creditor sends these letters to his debtors, giving the impression that a third party debt collector is collecting the debt. In fact, however, the flat-rater is not in the business of debt collection, but merely sells dunning letters. This bill prohibits the practice of flat-rating because of its inherently deceptive nature.

S.Rep. No. 95–382 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699.

The plaintiff has failed to allege any facts in its complaint that would support a finding of King's liability under Section 1692j. Even if King exercised complete control over the operations of MGC, there is no allegation that the letter sent by MGC created or was intended to create a "false belief" that "a person other than the creditor" was collecting Franceschi's debt "when in fact such person [was] not so participating." To the contrary, the complaint itself recognizes that MGC *was* participating in the collection of the debt. Indeed, no mention of any other collector was made in the letter or anywhere else. In short, the plaintiff's reference to this statutory provision is completely unsupported by, if not entirely unrelated to, the factual allegations in the complaint. The plaintiff has thus failed to state a claim upon which relief could be granted under this provision.

The plaintiff seeks leave to amend its complaint but does not indicate which allegations he would amend or how his amendments would correct the deficiencies discussed by the Court. Because the plaintiff has already amended its complaint once in this action and provides no basis to believe that his amendments would not be futile in overcoming those deficiencies, the Court shall deny the plaintiff's motion. *See John Hancock Mut. v. Amerford Intern.*, 22 F.3d 458, 462 (2d Cir.1994) (leave to amend denied because such amendment would be futile).

## CONCLUSION

The defendants' motion to dismiss the complaint is granted. The Clerk of Court is directed to enter judgment in favor of the defendants Mautner–Glick Corp. and King Enterprises, Ltd., and to close the case.

SO ORDERED.