**Alp EKE, Plaintiff,**

v.

**FIRSTBANK FLORIDA,
et al., Defendants.**

**Case No. 10–cv–23142–UU.**

United States District Court,
S.D. Florida.

March 11, 2011.

Alan Palma, Alexander Oscar Lian, Lian & Associates, Miami, FL, for Plaintiff.

Michael Timothy Tomlin, Demahy Labrador Drake Payne & Cabeza, Coral Gables, FL, for Defendants.

## ORDER ON MOTIONS TO DISMISS

URSULA UNGARO, District Judge.

THIS CAUSE came before the Court upon Defendants FirstBank Florida ("FirstBank"), Otto Berges and Thompson Berges P.A.'s ("Thompson Berges") Motions to Dismiss. (D.E. 23, 24 & 25).

THE COURT has considered the Motion and pertinent portions of the record and is otherwise fully advised in the premises.

## I.

Except for where the citations indicate otherwise, the following facts are taken from the First Amended Complaint. (D.E. 18.)

This case arises from a state foreclosure action and Defendants' subsequent attempts to collect rent on the foreclosed property. On September 24, 2009, Plaintiff leased the residential property located at 1800 North Bayshore Drive, Apartment 2512, Miami, Florida 33132 ("the Apartment") from Jose Luis Furoiani Zambrano. Pursuant to Plaintiff's lease, he had possession of the Apartment from October 15, 2009 through October 15, 2010 and was required to make rental payments on the 15th of every month. On February 18, 2010, Defendant FirstBank Florida filed an action against Mr. Zambrano by and through its attorney, Otto Berges of the firm Thompson Berges, to foreclose on the Apartment. On June 11, 2010, FirstBank obtained a final judgment of foreclosure. On July 13, 2010, Berges demanded over telephone that Plaintiff pay the July 2010 rent and pre-pay the August 2010 rent for the Apartment directly to FirstBank through the his law firm's office. On July 14, 2010, Berges sent Plaintiff an email, threatening to change the locks on the doors of the Apartment if Plaintiff failed to pay the July 2010 rent and pre-pay the August 2010 rent to FirstBank. Following this communication with Berges, Plaintiff sought professional legal assistance.

In his three-count Amended Complaint, Plaintiff alleges that Defendants attempted to collect rent in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("the FDCPA") (Count I) and the Florida Consumer Collection Practices Act, §§ 559.55–559.785, Florida Statutes (2010) ("FCCPA") (Count II) and abused process (Count III). Defendants move to dismiss Plaintiffs' complaint pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.

In order to state a claim, Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While a court, at this stage of the litigation, must consider the allegations contained in the plaintiff's complaint as true, this rule "is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). In addition, the complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955).

In practice, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citation omitted). The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* (citation omitted). Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* (internal quotations and citation omitted). Determining whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw on

its judicial experience and common sense. *Id.* (citation omitted).

### III.

### A.

Defendants argue that Plaintiff's claims under FDCPA fail as a matter of law because the rent that Defendants attempted to collect from Plaintiff was not a debt in default thus Defendants are not debt collectors as defined in the statutes. In his response, Plaintiff argues that rent is considered a debt in default under the statutes but only cites cases that hold that past-due rent is a debt.

■ To establish a claim under the FDCPA, the plaintiff must demonstrate that (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the statute; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *Sanz v. Fernandez,* 633 F.Supp.2d 1356, 1359 (S.D.Fla.2009). The FDCPA states that a debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA further narrows the meaning of "debt collector" by excluding "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). Therefore, a debt collector does not include "the consumer's creditors, a mort-

gage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Belin v. Litton Loan Servicing, LP,* 2006 WL 1992410, at *2 (M.D.Fla. Jul. 14, 2006) (citing *Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir.1985)).

■ Plaintiff does not allege that the rent was in default at the time Defendants demanded that he pay. In fact, the facts alleged in the Complaint indicate that Plaintiff was current on his rent payments. Defendants demanded the rent for July and August 2010 on July 13, 2010 and then again on July 14, 2010, however, as per Plaintiff's lease, his July rent was not due until July 15th, and his August rent was not due until the 15th of August. Therefore, Defendants are not debt collectors under the FDCPA, and by extension, not debt collectors under FCCPA.[1] Accordingly, Plaintiff's FDCPA and FCCPA claims against Defendants fail as a matter of law and the Court will dismiss Counts I and II.

### B.

Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the remaining state law claim of abuse of process in Count III.

Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendants' Motion to Dismiss (D.E. 23, 24, & 25) are GRANTED. Counts I and II are DISMISSED WITH PREJUDICE. Count III is DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

DONE AND ORDERED in Chambers at Miami, Florida, this 10th day of March, 2011.

---

1. Sections 559.553 and 559.555 of the Florida Statutes govern the practices of "debt collectors." The definition of a "debt collector" under the FCCPA mirrors that of FDCPA.

*Reynolds v. Gables Residential Services, Inc.,* 428 F.Supp.2d 1260, 1265 (M.D.Fla.2006) *Compare,* Fla. Stat. § 559.55(6)(f) (2006), *with* 15 U.S.C. § 1692a(6).

### ORDER ON MOTION FOR RECONSIDERATION

THIS CAUSE is before the Court upon Plaintiff's Motion for Reconsideration. (D.E. 46.)

THE COURT has considered the Motion and the pertinent parts of the record and is otherwise fully advised in the premises.

In Plaintiff's First Amended Complaint, Plaintiff alleged that he rented an apartment ("Apartment") from owner Jose Luis Furoiani Zambrano ("Landlord") and that Defendants FirstBank Florida ("First-Bank") and Thompson Berges, P.A. and Otto E. Berges, Esq. (collectively "Law Firm") violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Florida Consumer Collections Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*, when they attempted to collect rent from him after FirstBank foreclosed upon the Apartment. (*See* Amended Complaint, D.E. 18.)

The Court dismissed Plaintiff's FDCPA and FCCPA claims as a matter of law, concluding that all three Defendants are not "debt collectors" under the FDCPA. (*See* D.E. 45.) Plaintiff files the instant motion requesting that the Court reconsider the order of dismissal. For the following reasons, the Court will deny Plaintiff's motion.

### I.

Plaintiff contends that the Court incorrectly determined that the Law Firm is not a "debt collector" under the FDCPA. The FDCPA states that a debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Section 1692a(6)(F) states that a "debt collector" does not include

[A]ny person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent that such activity (i) is incidental to a bona fide fiduciary obligation or bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) *concerns a debt which was not in default at the time it was obtained by such person;* or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. § 1692a(6)(F) (emphasis added).

██ At the outset, the Court notes that the legislative history of the FDCPA, The Congressional Report on the FDCPA, indicates that the term " 'debt collector' is not intended to include ... attorneys-at-law while acting in that capacity." S. Rep. No. 95–382 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1698. FirstBank retained the Law Firm on February 18, 2010 to institute foreclosure proceedings against the Landlord. (D.E. 18 ¶ 9.) Accordingly, the Law Firm acted in the capacity of attorney-at-law when it demanded rent from Plaintiff in July 2010, and thus, the Law Firm is not a "debt collector" within the purview of § 1692a(6) of the FDCPA.

Assuming *arguendo* that the Law Firm was not acting in the capacity of attorney-at-law, but rather, as Plaintiff argues, a debt servicing agent, the Law Firm would still be exempt from consideration as a "debt collector." Plaintiff contends that the language in § 1692a(6)(F)(iii) "obtained by such person" applies only to owners or assignees of the debt, and because the Law Firm was neither an owner nor an assignee of the rent at the time it sought to collect it, the § 1692a(6)(F)(iii) exemption did not apply to it. Plaintiff fails to cite a single case that supports this interpretation of § 1692a(6)(F)(iii).

Plaintiff's interpretation of § 1692a(6)(F)(iii) is incorrect. Congress did not define the term "obtain" in the FDCPA itself, thus "obtain" does not signify only ownership or assignment. Moreover, Congress's decision to employ the term "assignment" in other parts of the FDCPA suggests that the broader term "obtain" in § 1692a(6)(F)(iii) cannot be read narrowly as a synonym of the term "assignment." Accordingly, "there is nothing in the statutory language [of the FDCPA] indicating that the term 'obtain' a debt should be read to include the possession of the right and responsibility to collect a debt." *Franceschi v. Mautner–Glick Corp.*, 22 F.Supp.2d 250, 254 (S.D.N.Y.1998); *see also Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (holding that mortgage servicing company is not a debt collector within meaning of § 1692a(6)(F)(iii)); *Williams v. Edelman*, 408 F.Supp.2d 1261 (S.D.Fla. 2005); *Azar v. Hayter*, 874 F.Supp. 1314, 1319 (N.D.Fla.1995) (exemption applied to management company responsible for collection of condominium fees).

The legislative history of the FDCPA confirms that Congress did not intend for entities servicing debts for others to be considered debt collectors under the FDCPA. The Congressional Report on the FDCPA explains that the definition of a debt collector does not include "mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing." S. Rep. No. 95–382 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1698. The Law Firm fits within the definition of a servicing agent that is exempt under the FDCPA. First, the Law Firm acted as FirstBank's agent and was responsible for collecting debt on First-Bank's behalf. (D.E. 18 ¶ 11) ("At all relevant times Law Firm was the Bank's agent, and was provided with actual authority by the Bank to ... demand rent directly from [Plaintiff] ...."). Second, there are no allegations in the Amended Complaint that the rent was past due in July 2010, which is when Plaintiff alleges that the Law Firm tried to collect rent from him. (*Id.* ¶ 25.)[1] Accordingly, the Law Firm's efforts to collect rent on the Law Firm's behalf before it was due entitles it to protection under § 1692a(6)(F)(iii).

## II.

■ In the alternative, Plaintiff argues that based on the Court's determination that he failed to state a claim upon which relief can be granted under § 1692a(6)(F)(iii) due to the fact that his rent was not past due when the Law Firm attempted to collect it, he states a claim under § 1692f(6) of the FDPA. According to Plaintiff, because he had not defaulted on the rent, the Law Firm had no right to threaten to take nonjudicial action (i.e. threaten to change the locks) to dispossess him of his apartment, and thus he states a claim under § 1692f(6) of the FDPA. Section 1692f states in pertinent part,

A debt collector[2] may not use unfair or unconscionable means to collect or at-

---

1. As already noted, the Law Firm became FirstBank's agent on February 18, 2010. (*Id.* ¶ 9.) This was well before the July 2010 dates when the Law Firm demanded the rent from Plaintiff on FirstBank's behalf. Moreover, Plaintiff concedes in his Motion for Reconsideration that he was not in default for failing to pay rent during the time Law Firm attempted to collect it. (D.E. 46 at 2.)

2. For the purpose of § 1692f(6), a debt collector includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692a(6). A person or entity whose business has the principal purpose of enforcing security interests but who does not otherwise satisfy the definition of

tempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*　　\*　　\*

**(6)** Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—

**(A)** there is no present right to possession of the property claimed as collateral through an enforceable security interest;

**(B)** there is no present intention to take possession of the property; or

**(C)** the property is exempt by law from such dispossession or disablement

15 U.S.C. § 1692f. Plaintiff's argument reflects his fundamental misunderstanding of § 1692f(6) of the FDPA. Section 1692f(6) addresses entities that attempt to enforce security interests but who lack the right to enforce as against the secured property because the right has not matured. In other words, this section is intended to protect an individual with an interest in a secured property, which in this case is the Landlord, from dispossession by a debt collector when the debt collector has no right to possess the property. Plaintiff fails to state a claim under § 1692f(6). Nowhere in the Amended Complaint does he identify any secured property in which *he* has an interest that is subject to protection under § 1692f(6), nor

does Plaintiff allege that his rent payments somehow gave *him* an interest in the property. Plaintiff attempts to piggyback onto the Landlord's interest by arguing that he is entitled to the apartment's status as collateral under an enforceable security interest executed by the Landlord. This argument, however, fails because the Apartment is collateral for payment of a loan between FirstBank and the Landlord only.

In sum, Plaintiff is incorrect in his assertion that the Law Firm is a debt collector under the FDCPA and equally incorrect in his assertion that he has an interest in the Apartment that allows him to state a claim under § 1692f(6). Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion (D.E. 46) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of April, 2011.

---

debt collector under § 1692a(6) is subject only to § 1692f(6) of the FDCPA. *See* Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097 (1988) (December 13, 1988) ("Because the FDCPA's definition of "debt collection" includes parties whose principal business is enforcing security interests only for [§ 1692f(6)] purposes, such parties (*if they do not otherwise fall within the definition*) are subject only to [§ 1692f(6)] and not to the rest of the FDCPA.") (emphasis added). Accordingly, Plaintiff argues that even though the Law Firm does not satisfy the definition of "debt collector" under § 1692a(6), Plaintiff still states a claim that the Law Firm violated the FDCPA by threatening to change the Apartment locks in violation of § 1692f(6).