16-2582-cv
*Papetti v. Rawlings Financial Services, LLC, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of May, two thousand seventeen.

PRESENT:    AMALYA L. KEARSE,
            JOSÉ A. CABRANES,
            DENNY CHIN,
                        *Circuit Judges.*

---

ANTHONY PAPETTI, on behalf of himself and all others similarly situated,

    *Plaintiff-Appellant,*       16-2582-cv

    v.

JOHN DOES 1-25, RAWLINGS FINANCIAL SERVICES, LLC,

    *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**    BENJAMIN WOLF and Joseph K. Jones, Jones, Wolf & Kapasi, LLC, New York, NY.

**FOR DEFENDANTS-APPELLEES:**    RICHARD W. COHEN and Uriel Rabinovitz, Lowey Dannenberg Cohen & Hart, P.C., White Plains, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the July 28, 2016 judgment is **AFFIRMED**.

Plaintiff-appellant Anthony Papetti brought an action in the District Court against Rawlings Financial Services, LLC ("Rawlings") and John Does 1-25 under the Fair Debt Collection Practices Act (the "FDCPA"). Papetti alleged that Rawlings, in attempting to collect a debt owed by Papetti to Rawlings's client, Oxford Insurance Company ("Oxford"), sent him a communication that contained legally deficient warnings and advisories in violation of Section 1692g of the FDCPA and "false, deceptive, or misleading representation[s]" in violation of Section 1692e of the same statute. Following the completion of discovery, Rawlings moved for summary judgment. The District Court granted Rawlings's motion on the ground that Rawlings was not a "debt collector" within the meaning of the FDCPA and, for that reason, could not have violated Sections 1692g or e. *See* 15 U.S.C. § 1692a(6). More specifically, the District Court concluded that, because Rawlings had "obtained" Papetti's debt no later than January 21, 2015, while the debt was "not in default," Rawlings was not a "debt collector" when it sent the allegedly improper letter to Papetti on February 6, 2015. *Papetti v. Rawlings Fin. Servs., LLC*, No. 15 CIV. 2933 (PAE), 2016 WL 4030863, at *4 (S.D.N.Y. July 25, 2016).

On appeal, Papetti argues that the District Court erred in granting Rawlings's motion for summary judgment because the undisputed evidence demonstrates that Rawlings obtained Papetti's debt *after* it was in default and, thus, that Rawlings *was* a "debt collector" within the meaning of the FDCPA. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's grant or denial of summary judgment, viewing the record in the light most favorable to the party against whom summary judgment is sought." *Mullins v. City of N.Y.,* 653 F.3d 104, 113 (2d Cir. 2011) (internal quotation marks omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

As an initial matter, Rawlings contends that we should dismiss Papetti's action, regardless of the merits of the District Court's judgment, because Papetti lacks standing to sue Rawlings for violations of the FDCPA. More precisely, Rawlings argues that Papetti did not suffer an injury in fact because he alleged only "procedural violations" of the FDCPA, which, according to Rawlings, cannot qualify as "concrete" injuries following the Supreme Court's decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).[1] We disagree.

---

[1] We address Rawlings's standing argument, although he raises it for the first time on appeal, because "any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Commercial Workers Union, Local*

First, Rawlings misinterprets *Spokeo*. As we observed in *Strubel v. Comenity Bank*, 842 F.3d 181, 189 (2d Cir. 2016), *Spokeo* does not "categorically . . . preclude[] violations of statutorily mandated procedures from qualifying as concrete injuries." Rather, "some violations of statutorily mandated procedures may entail the concrete injury necessary for standing." *Id.* In order "to determine whether a procedural violation manifests injury in fact, a court properly considers whether Congress conferred the procedural right in order to protect an individual's concrete interests." *Id.*

Second, there can be no dispute that Sections 1692e and g of the FDCPA "protect an individual's concrete interests." *Id.* The purpose of the FDCPA is, among other things, to protect debtors from "abusive debt collection practices by debt collectors." *Alibrandi v. Fin. Outsourcing Servs., Inc.*, 333 F.3d 82, 85 (2d Cir. 2003) (quoting 15 U.S.C. § 1692(e)). Section 1692g furthers that purpose by requiring a debt collector who solicits payment from a consumer to provide that consumer with "a detailed validation notice," which allows a consumer to confirm that he owes the debt sought by the collector before paying it. *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996). And, similarly, Section 1692e protects a consumer's ability to fully avail himself of his legal rights by prohibiting debt collectors from deceiving or misleading debtors in the course of collecting a debt. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012). Thus, the FDCPA violations alleged by Papetti, taken as true, "entail the concrete injury necessary for standing." *Strubel*, 842 F.3d at 189.

Accordingly, we conclude that Papetti alleged an injury in fact and we proceed to consider the merits of the District Court's order granting summary judgment in favor of Rawlings.

The FDCPA regulates the activities of "debt collectors," which the statute defines to exclude "any person collecting or attempting to collect any debt . . . due another to the extent such activity . . . concerns a debt which *was not in default at the time it was obtained* by such person." 15 U.S.C. § 1692a(6)(F)(iii) (emphasis added). Rawlings argued below that it had "obtained" Papetti's debt from Papetti's former insurance carrier no later than January 21, 2015, when it first communicated with

---

*919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (internal quotation marks omitted).

To satisfy the requirements of Article III standing, a plaintiff must establish three elements:

> (1) the plaintiff must have suffered an injury in fact, i.e., an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 688 (2d Cir. 2013) (internal quotation marks omitted).

3

Papetti, but that his debt was not in "default" until some point after January 21, 2015 and before February 6, 2015. The District Court reviewed the record and concluded that the undisputed facts supported Rawlings's timeline and, therefore, established that Rawlings "was not acting as a debt collector as defined by the FDCPA when it communicated about this debt with Papetti." *Papetti*, 2016 WL 4030863, at *4. Papetti, on the other hand, contends that the evidence in the record demonstrates the opposite: that Rawlings did not "obtain" Papetti's debt until February 6, 2015, and that his debt was already "in default" on that date. We disagree and affirm the District Court's judgment.

Papetti makes two arguments in support of his position. First, he asserts that Rawlings did not "obtain[ ]" his debt on or before January 21, 2015, as the District Court concluded, because the January 21 communication to Papetti was on Oxford letterhead and because, at that time, Rawlings lacked authority to collect his debt. This argument fails.

At the time of the January 21 letter, Rawlings had already discovered that Papetti owed Oxford money on his pharmacy claim. And, as the District Court correctly explained, Rawlings's contract with Oxford required Rawlings "not just to identify [ ] overpayments, but also to 'recover' them." *Papetti*, 2016 WL 4030863, at *3. Rawlings thus had authority under its contract with Oxford to collect Papetti's debt the moment it made Oxford aware of its existence—on or before January 21, 2015. In addition, the fact that the January 21 letter was on Oxford letterhead does not undercut the facts that Papetti conceded that Rawlings sent the collection letter or that the letter itself instructed Papetti "either to contact a Rawlings representative to discuss re-billing or payments options, or simply to submit a check to Rawlings, payable to Oxford." *Id.* (emphasis omitted).[2]

Second, Papetti argues that his debt was already in "default" on a date well before February 6 or January 21, 2015. This argument also fails. We have held that a debt is not in default simply because it is due. *See Alibrandi*, 333 F.3d at 86. Instead, we have observed that "only after some period of time does an outstanding debt go into default." *Id.* Here, the District Court correctly concluded that, because "the debt could not be 'due'—let alone 'in default'—until, at a bare minimum, the debt had been identified by the creditor or its agent and made known to the debtor," Papetti's debt was not in default until sometime after January 21, 2015, the date when Rawlings first notified Papetti of the existence of the debt. *Papetti*, 2016 WL 4030863, at *4.

---

[2] Because both parties agree that the word "obtained," as used in the FDCPA, means "the possession of the right and responsibility to collect a debt," *see Franceschi v. Mautner-Glick Corp.*, 22 F. Supp. 2d 250, 254 (S.D.N.Y. 1998), we assume, for the purpose of this Order, that that is the appropriate interpretation.

## CONCLUSION

We have considered all of the arguments raised by Papetti and find them to be without merit. For the foregoing reasons, the July 28, 2016 judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk