855 F.Supp. 1047 (1994)
Ralph GRIFFIN, Plaintiff,
v.
BAILEY & ASSOCIATES, INC. d/b/a First National Acceptance Corporation, Defendant.
No. 4:93CV01361 GFG.
United States District Court, E.D. Missouri, Eastern Division.
June 21, 1994.
Robert L. Swearingen, UAW-GM Legal Services Plan, Lake St. Louis, MO, for plaintiff.
Kurt A. Hentz, Dana A. Hockensmith, Weier and Hockensmith, St. Louis, MO, for defendant.

MEMORANDUM AND ORDER
GUNN, District Judge.
This matter is before the Court on defendant's motion for summary judgment. Ralph Griffin brings this action against Bailey & Associates, Inc., d/b/a First National Acceptance Corporation, for damages under the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692. Defendant argues that it is not a "debt collector" within the meaning of the Act.
*1048 The record establishes the following. In July 1987 Griffin entered into an installment contract with Tievoli Partnership, Ltd., whereby Griffin purchased an interest in a campground resort known as Tievoli Hills Resort, and a membership in the corporation managing the resort. The total sale price of $7,229.32 was to be paid in 84 monthly payments. Following the October 5, 1987 payment Griffin defaulted.
In January 1991 defendant and two affiliates (Landvest, Inc. and Winner's Circle of Chicago, Inc.) purchased the resort from Tievoli including the real estate, the improvements and personal property thereon, and "accounts receivable"all amounts due and owing Tievoli under the membership agreements. Of the approximately 1200 accounts purchased, 495, including Griffin's, were in default.
Defendant, using the name First National Acceptance, sent Griffin a statement dated March 22, 1993, for remittance to Bailey and Associates, Inc., of the monthly payment due April 5, 1993. Defendant sent Griffin another statement dated June 8, 1993, stating he was delinquent in the amount of $4,344.74 on his monthly payments and $1,038.64 on his maintenance fees. The total due for that statement was $1,045.64. The June 8 statement showed Tievoli Hills Resort as the sender. Griffin filed this lawsuit on August 20, 1993, claiming that defendant's communications with him did not comply with the requirements of the FDCPA.
The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Section 1692a(6) defines the term "debt collector" as
any person who uses ... the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.... The term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.
Subparagraph B excludes from this definition
any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts.
In support of its motion for summary judgment on the ground that it is not a "debt collector," defendant has submitted the affidavit of its vice president and general counsel attesting that defendant owns and operates three membership campground resorts including Tievoli Hills Resort, and that its principal business is to purchase and/or develop and operate such resorts; that over 90% of its 300 employees are engaged in operating and managing the resorts, sales and marketing, accounting and other corporate functions, with approximately 15 employees engaged in account collections for itself and its affiliates.[1]
Griffin argues that because defendant purchased his debt when the debt was in default, defendant's collection efforts were those of a "debt collector" within the meaning of the Act. The fact that defendant acquired Griffin's debt when it was in default would not be dispositive if in fact the collection of debts is not defendant's principal purpose or the principal business of its affiliates. See Meads v. Citicorp Credit Services, Inc., 686 F.Supp. 330 (S.D.Ga.1988) (service corporation which collected debts for creditor with whom it was related by corporate control was not "debt collector" because its principal function was solicitation and marketing of credit accounts, not collections).
Upon review of the record, the Court concludes that defendant has established that neither its nor its affiliates' principal business is the collection of debts. Griffin has not refuted defendant's affidavit that less than 10% of its employees are involved in *1049 collection of debts. Cf. id., 686 F.Supp. at 332 (corporation was not "debt collector" where collections accounted for 18.6% of corporation's expenses one year and 15.8% another year). The only fact relied upon by Griffin in this regard is that when defendant purchased the resort, 494 of the membership contracts were in default. The Court concludes that this is insufficient to defeat defendant's motion for summary judgment.
Accordingly,
IT IS HEREBY ORDERED that defendant's motion for summary judgment is granted.
IT IS FURTHER ORDERED that all other pending motions are denied as moot.
NOTES
[1] Defendant's answers to plaintiff's interrogatories list 19 employees who are engaged in the collection of consumer accounts for defendant.