Floyd SOMMERS, Plaintiff–Respondent,

v.

David WOOD, Respondent–Appellant.

No. 65920.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 21, 1995.

Larry M. Bauer, Robert J. Isaacson, Sonnenschein Nath & Rosenthal, St. Louis, for appellant.

Charles E. Stine, Jr., Hannibal, for respondent.

KAROHL, Judge.

A jury awarded Floyd Sommers $10,000 in damages on his claim against David Wood for breach of an oral contract. Wood appeals. We reverse and remand.

Floyd Sommers runs a saw mill and logging business. In October 1989, he orally agreed to pay Wood $20,000 in exchange for the right to cut timber on Wood's land for two years. The parties agreed Sommers would not enter the land when it was muddy and would not cut hedge on the property. The parties later modified their agreement to prohibit Sommers from cutting black locust trees. Sommers expected to harvest 1.2 million board feet of timber and make a net profit of $100,000 from the sale of the timber. However, he testified Wood did not allow him on the property when it was reasonably dry and estimated he was allowed to log only one-third of the relevant time period.

Wood's second point is dispositive of this appeal. He argues the trial court erred in denying his motion to strike venireperson Darlene Gutting for cause because she was disqualified from sitting as a juror by § 494.470.1 RSMo Cum.Supp.1993. We have examined and reject Wood's first point which argues plaintiff Sommers failed to make a submissible case.

■ Sommers argues Wood did not preserve the jury disqualification issue for our review. Wood made a timely challenge for cause. His amended motion for a new trial alleges, "The jury was not properly impanelled because of the number of jurors related to each other and to Plaintiff." We find the issue was preserved.

■ During voir dire, Darlene Gutting stated she was Sommers' wife's cousin. Sommers did not deny the relationship. Nor did he respond that Gutting was not related as a "cousin" more remote than those disqualified by statute. Gutting said this family connection "might" affect her verdict. Wood made a motion to strike Gutting for cause. He stated, "I don't believe Darlene Gutting was rehabilitated from her family connection." Wood also stated, "She's a cousin of Floyd's wife, she said." The court denied the motion. Wood used a peremptory challenge to strike Gutting.

Wood argues § 494.470.1 RSMo Cum. Supp.1993 precludes Gutting from sitting as a juror in this case. That section provides that "... no person who is kin to either party in a civil case ... within the fourth degree of consanguinity or affinity shall be sworn as a juror in the same cause."

Our Supreme Court has applied canon law in determining whether a venireperson is related within the fourth degree by blood or marriage to a party in a civil case. *State v. Thomas,* 351 Mo. 804, 174 S.W.2d 337, 341 (banc 1943); *Gordon v. Oidtman,* 692 S.W.2d 349, 356 (Mo.App.1985). Under the canon law the number of generations is counted from the common ancestor down to the fartherest of the two descendants whose degree of relationship is to be ascertained. *Thomas,* 174 S.W.2d at 340. First cousins would be related in the second degree; second cousins in the third degree. *Id.*

Affinity is defined as a legal relationship which arises as the result of marriage between each spouse and the consanguinal relatives of the other. *State ex. inf. Roberts v. Buckley,* 533 S.W.2d 551, 554 (Mo. banc 1976). That is, the husband is related by affinity to his wife's relatives in the same way that she is related to them by blood, and she is related to his relatives by affinity in the same way that he is related to them by blood. *Id.*

■ In determining the question of the propriety of a ruling upon a challenge for cause, it is improper to consider whether the moving party struck the venireperson peremptorily or whether the party exhausted his preemptory challenges. *Gordon,* 692 S.W.2d at 356. Only in this manner may the mandate of the statute be fully honored.

In *Gordon,* the court held the trial court erred in refusing to strike a venireperson

who was the defendant's third cousin. The court found the venireperson was related to defendant within the fourth degree under canon law. *Id.*

Here, Sommers is related by affinity to his wife's relatives in the same way she is related to them by blood. Thus, Gutting is considered in the same manner as if she were Sommers' cousin. If Gutting is Sommers' first, second or third cousin, she is related to him within the fourth degree and by statute disqualified to serve as a juror in this case. In that event, the trial court erred as a matter of law, not as a matter of discretion, in refusing to strike Gutting for cause, and the case must be retried.

Sommers responds Gutting acknowledged she was his wife's cousin but did not say in what degree. The degree is a fact known or ascertainable by Sommers. He did not respond that the relationship was too remote to implicate § 494.470.1 RSMo Cum.Supp.1993. If the statute does not apply, on remand, the court may reinstate the verdict. We find the challenge was sufficient in the absence of proof Gutting was a fourth cousin, or more.

Reversed and remanded.

GRIMM, C.J., and SIMON, J., concur.