Myrna **ALEXANDER**, Plaintiff,

v.

**OMEGA MANAGEMENT, INC.**, Defendant.

**No. 98 Civ. 1727DDA/FLN.**

United States District Court, D. Minnesota.

Sept. 23, 1999.

Consumer Justice Center, P.A., by Thomas J. Lyons, Jr., Maplewood, Minnesota, for plaintiff.

Hellmuth & Johnson, P.A., by John K. Rossman, Eden Prairie, Minnesota, for defendant.

## ORDER

ALSOP, Senior District Judge.

This matter is before the Court on the parties' cross motions for summary judgment. Plaintiff has brought this case under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, against Defendant Omega Management, Inc., a property management company. The Court finds that Defendant is not a "debt collector" under the FDCPA, and will therefore grant Defendant's motion for summary judgment. Plaintiff's motion will be denied in part and dismissed in part as moot.

## BACKGROUND

Plaintiff Myrna Alexander owns a townhome in the community known as Heritage Homes. She is also a member of the Heritage Home Owners Association ("HHOA"). As a member of HHOA, she is bound by an agreement called the "Declaration of Covenants, Conditions and Restrictions for Heritage Home Owners Association." Under this agreement, Plaintiff is responsible for paying annual assessments which are used for a variety of purposes, but, in particular, they are used for the maintenance of the property.

HHOA hired Defendant to manage the townhome community in 1993. Under the Condominium and Homeowners' Association Management Agreement, Defendant is responsible for performing a number of services. Defendant is responsible, for example, for maintaining records of income and expenditures relating to the property; preparing a recommended annual budget; submitting an annual report at the end of each year; maintaining the common elements of the property; employing personnel necessary to maintain and operate the property; paying employment taxes; negotiating contracts for utilities and other services; paying expenses for the property; maintaining records of all insurance coverage; and so on. Defendant is also responsible for collecting the annual assessments from the members of HHOA.

Defendant receives these annual assessments by sending out a "Statement" every month. Plaintiff received one of these Statements, as she did every month, in May, 1998. The Statement reflects all the activity on the account. It shows that Plaintiff, in addition to the money she owed for the monthly assessments, had an outstanding balance of $281.81 and was being credited and assessed certain late fees of $15.00 each. The Statement also shows that Plaintiff was being charged $97.50 for "collection costs." These collection costs, according to Defendant, were attorneys' fees incurred and paid by HHOA in April, 1998, in connection with Plaintiff's dispute regarding the amount she owed HHOA.

Plaintiff brought suit in federal court, alleging that Defendant is a "debt collector" and that Defendant violated the FDCPA when it sent her this Statement. Specifically, Plaintiff claims Defendant violated 15 U.S.C. § 1692g by failing to include in the Statement the mandatory thirty day dispute and/or validation notice required by that section. Plaintiff also alleges that Defendant violated 15 U .S.C. § 1692e(11) because the Statement did not expressly disclose that Defendant was attempting to collect a debt and that any information obtained would be used for that purpose. Plaintiff seeks statutory damages, costs, and attorney's fees pursuant to 15 U.S.C. § 1692k. She also seeks to have this action certified as a class action.

Defendant moved for summary judgment on the ground that it is not a "debt collector" under the FDCPA. Plaintiff responded and brought her own motion for summary judgment, arguing that Defendant is a "debt collector" and that the assessments are considered a "debt" for purposes of the Act. Both parties agree that if Defendant is not a "debt collector," the Court need not reach the question of whether the assessments are "debts" because Defendant would not be subject to the FDCPA.

## DISCUSSION

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In ruling on a motion for summary judgment, the Court views all evidence and draws all justifiable inferences in favor of the non-moving party. *See Miners v. Cargill Communications, Inc.*, 113 F.3d 820, 823 (8th Cir.1997), *cert. denied*, 522 U.S. 981, 118 S.Ct. 441, 139 L.Ed.2d 378 (1997). The party opposing summary judgment, however, "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). Both parties agree that the issue of whether or not Defendant is a "debt collector" is ripe for summary judgment.

■ The FDCPA permits consumers who have been subjected to abusive, deceptive, and unfair debt collection practices by third-party debt collectors to sue for damages and other relief. *Duffy v. Landberg*, 133 F.3d 1120, 1122 (8th Cir.1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 62, 142 L.Ed.2d 49 (1998). A "debt collector" is defined under the FDCPA to include

"any person who uses any instrumentality of interstate commerce or the mails in any business *the principal purpose of which is the collection of any debts,* or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added). Plaintiff takes the position that Defendant is a "debt collector" under the FDCPA because its principal purpose is the collection of debts. Defendant contends, however, that it is not a "debt collector" because its principal purpose is not the collection of debts, but the management of properties. The Court agrees with Defendant.

■ As a property management company, Defendant performs a number of services unrelated to collecting debts. Indeed, the undisputed record shows that only a small fraction of Defendant's responsibilities include the collection of assessments and past due accounts. *See Nance v. Petty Livingston, Dawson, & Devening,* 881 F.Supp. 223, 225 (W.D.Va. 1994) (volume is a "critical factor" in determining whether someone is a debt collector). As detailed above, Defendant devotes almost all of its efforts to managing and maintaining the property. In addition, Defendant notes that only one of its twenty-five employees—the comptroller—has anything to do with collecting past due accounts. Moreover, less than 3% of Defendant's total operations are devoted to the collection of past due accounts.

Plaintiff does not dispute this evidence, but argues instead that it should matter little in the age of computers and sophisticated, yet user-friendly accounting software. This is not the type of response which creates a fact question sufficient to defeat summary judgment. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986) (in opposing a motion for summary judgment, party must "set forth specific facts showing that there is a genuine issue for trial"). The uncontroverted record shows that the vast majority of Defendant's time and resources are spent on duties unrelated to the collection of debts, and thus, Defendant is not a "debt collector." *See Griffin v. Bailey & Associates, Inc.,* 855 F.Supp. 1047, 1048–49 (E.D.Mo.1994) (resort operator was not a "debt collector" where less than 10% of its employees were involved in the collection of debts).

■ The Court also finds, alternatively, that Defendant falls within a statutory exception to the definition of "debt collector." The FDCPA states that the term "debt collector" does not include:

> (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... (iii) concerns a debt which was not in default at the time it was obtained by such person.

15 U.S.C. § 1692a(6)(F)(iii). The FDCPA, in other words, excepts from the definition of "debt collector" those who had responsibility for collecting the debt prior to the time it went into default. *See Franceschi v. Mautner–Glick Corp.,* 22 F.Supp.2d 250, 254 (S.D.N.Y.1998) (courts have concluded that the exemption found in § 1692a(6)(F)(iii) applies "to those who had responsibility prior to default for collecting the debt owed to another").

■ In this case, it is undisputed that Defendant was responsible for collecting assessments on a monthly basis, and has been since 1993, Thus, Defendant "obtained" the right to collect the assessments before they became overdue. Defendant is therefore not a "debt collector" under the § 1692a(6)(F)(iii) exception because Defendant is attempting to collect a debt "which was not in default at the time it was obtained." 15 U.S.C. § 1692a(6)(F)(iii); *see Franceschi,* 22 F.Supp.2d at 253 (management company was not a "debt collector" where company " 'obtained' the right to collect Franceschi's debt, that is his rent, before it became overdue"); *Azar v. Hayter,* 874 F.Supp. 1314, 1319 (N.D.Fla.1995) (management company responsible for collecting condominium fees was not a "debt collector" under § 1692a(6)(F)(iii) excep-

tion), *aff'd,* 66 F.3d 342 (11th Cir.1995), *cert. denied,* 516 U.S. 1048, 116 S.Ct. 712, 133 L.Ed.2d 666 (1996).[1]

 Plaintiff raises one additional argument which deserves mentioning, if only to point out that it does not apply. Plaintiff argues that Defendant is somehow "estopped" from asserting that it is not a debt collector based on Defendant's prior practice of sending out "debt validation notices" which included certain language from the FDCPA. Plaintiff does not state what type of estoppel she is relying on, but it is assumed that she is relying on the doctrine of equitable estoppel. Equitable estoppel "is based on the ethical principle which seeks to prevent one person from gaining advantage over another by misleading conduct." 1 Dan B. Dobbs, *The Law of Remedies* § 2.3(5), at 84 (2nd ed.1993). At its core, an estoppel case has three important elements:

> First, the actor, who usually must have knowledge, notice or suspicion of the true facts, communicates something to another in a misleading way, either by words, conduct or silence. Second, the other in fact relies, and relies reasonably or justifiably, upon that communication. And third, the other would be harmed materially if the actor is later permitted to assert any claim inconsistent with his earlier conduct.

*Id.* at 85; *see also Total Petroleum, Inc. v. Davis,* 822 F.2d 734, 737 (8th Cir.1987) ("Equitable estoppel prevents a party from denying a state of facts that he has previously asserted to be true if the party to whom the representation was made has acted in reliance on the representation and will be prejudiced by its repudiation."). Plaintiff has not discussed any of these elements, and it is clear that all three cannot be satisfied. Indeed, the evidence before the Court will not support a claim that Plaintiff justifiably relied upon these past notices in such a way that she would

be materially harmed even if it is assumed that Defendant took an inconsistent position.

Accordingly, the Court finds, based on alternative grounds, that Defendant is not a "debt collector" within the meaning of the FDCPA. The Court does not find it necessary to address the additional reasons raised by Defendants to argue that it is not a debt collector. It is also not necessary to address Plaintiff's motion for summary judgment on the question of whether the assessments are "debts" under the FDCPA. That motion is moot in light of the Court's determination that Defendant is not subject to the FDCPA.

\* \* \* \* \* \*

Upon its review of the files, motions and proceedings herein, it is hereby ORDERED that:

1. Defendant's motion for summary judgment is GRANTED;

2. Plaintiff's motion for summary judgment on § 1692a(6) is DENIED;

3. Plaintiff's motion for summary judgment on § 1692a(5) is DISMISSED as moot.

4. The clerk of the court shall enter judgment as follows:

> **It is hereby ORDERED, ADJUDGED and DECREED that Plaintiff's claims are dismissed in their entirety.**

---

**1.** There is no merit to Plaintiff's claim that the § 1692a(6)(F)(iii) exception applies to those who *service* an outstanding debt, but not to those who *collect* monthly assessments. In

both *Franceschi* (rent) and *Azar* (condominium fees), the management companies, like Defendant here, were attempting to collect overdue monthly payments.