**Tommy DEVINE, Plaintiff/Appellant,**

v.

**GATEWAY INSURANCE COMPANY and Midwest Mutual Insurance Company, Defendants,**

**and**

**Allstate Insurance Company, Defendant/Respondent.**

**No. ED 78592.**

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 25, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 19, 2001.

Daniel L. Mohs, St. Louis, MO, for Appellant.

Daniel Rabbitt Jr., Law Firm of Rabbitt, Pitzer & Snodgrass, St. Louis, MO, for Respondents.

## Introduction

SULLIVAN, Presiding Judge.

Tommy Devine (Devine) appeals from a trial court judgment entered in favor of Allstate Insurance Company (Allstate) on Devine's Petition seeking uninsured motorist automobile insurance benefits and damages for vexatious refusal to pay. We affirm.

## Factual and Procedural Background

On September 30, 1998, Devine filed a Petition against Gateway Insurance Company (Gateway), Allstate, and Midwest Mutual Insurance Company (Midwest Mutual). The two-count Petition sought uninsured motorist automobile insurance benefits and damages for vexatious refusal to pay. In January 1999, a stipulation of dismissal with prejudice was entered as to Gateway. In March 1999, a stipulation of dismissal with prejudice was entered as to Midwest Mutual, leaving Allstate as the remaining party defendant.

The parties waived a trial by jury and submitted the case to the trial court upon a joint stipulation of facts, which included the following. On July 4, 1998, Devine was driving southbound on U.S. Highway

136, at its intersection with Mo. 202, in a car he owned. At the same time, an uninsured motorist driving westbound on U.S. Highway 136 ran a stop sign and collided with Devine's car, causing Devine physical injuries.

At the time of the accident, Amanda McDuffee (McDuffee),[1] Allstate's insured, was temporarily residing with Devine until she could find a place of her own. Devine is McDuffee's ex-stepfather. Devine and McDuffee's mother were married for about seventeen years and divorced on June 25, 1997. Devine is not McDuffee's natural father nor did he adopt her, but they maintained a relationship after the divorce.

On September 16, 1998, Devine's attorney sent a letter to Allstate requesting uninsured motorist coverage under McDuffee's policy, alleging that McDuffee was Devine's stepdaughter and that she was a "resident relative" under the policy. On September 29, an Allstate representative wrote a letter to Devine's attorney indicating that Allstate was not obliged to offer uninsured motorist coverage on McDuffee's policy to Devine because Devine was divorced from McDuffee's mother prior to the accident.

McDuffee's policy with Allstate, in effect on July 4, 1998, provided uninsured motorist insurance for bodily injury in the amounts of $25,000 each person and $50,000 each accident for two separate vehicles. Part 3 of the policy, entitled "Uninsured Motorists Insurance Coverage," states the following:

.... [W]e will pay damages which an insured person is legally entitled to recover from the owner or operator of an uninsured auto because of bodily injury sustained by an insured person.

The policy also states:

Additional Definitions for Part 3

1. "Insured Person(s)" means:

a. you and any resident relative.

. . . .

Definitions Used Throughout the Policy

8. "Resident" means a person who physically resides in your household with the intention to continue residence there. We must be notified whenever an operator becomes a resident of your household.....

11. "You" or "Your" means the policyholder named on the Policy Declarations and that policyholder's resident spouse.

The policy does not define the term "relative" or the phrase "resident relative."

On September 25, 2000, the trial court entered a judgment in favor of Allstate. Although the trial court concluded that Devine and McDuffee resided in the same household, it concluded that Devine was not a "resident relative," and therefore he was not an insured person under McDuffee's policy with Allstate entitled to recover uninsured motorist benefits. As such, Devine's claim for vexatious refusal to pay also failed.

*Standard of Review*

■ In a court-tried case, we will affirm the judgment of the trial court unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). We accept the evidence and inferences favorable to the prevailing party and disregard all contrary evidence. *Mullenix–St. Charles Properties, L.P. v. City of St. Charles,* 983 S.W.2d 550, 555 (Mo.App. E.D.1998). We independently

---

1. The trial court found that although "not stated in the stipulation of facts, the record indicates that McDuffee is an emancipated adult."

evaluate the trial court's conclusions of law. *Id.*

### Discussion

■ Devine's point on appeal argues that the trial court erred in concluding that Devine was not a "resident relative" under McDuffie's policy with Allstate because the court erroneously applied the law and erroneously declared the law in stating that affinity required a legal relationship between Devine and McDuffee because Missouri has not definitively restricted the definition of relative to require only blood and legal relationships and other jurisdictions have determined that, under factual circumstances similar to the case at bar, affinity can encompass a legally severed stepparent-stepchild relationship.

■ The interpretation of the meaning of an insurance policy is a question of law. *Windsor Ins. Co. v. Lucas,* 24 S.W.3d 151, 153 (Mo.App. E.D.2000). When interpreting the language of an insurance policy, we give the language its plain meaning. *Shahan v. Shahan,* 988 S.W.2d 529, 535 (Mo. banc 1999). The plain or ordinary meaning is the meaning that the average layperson would understand. *Id.* To determine the ordinary meaning, we consult standard English language dictionaries. *Id.* We will not create an ambiguity in order to distort the language of an unambiguous policy. *Id.* The fact that the parties may disagree on the interpretation of a term or clause in an insurance policy does not create an ambiguity. *Lucas,* 24 S.W.3d at 153.

The trial court found no ambiguity in the meaning of "relative," and we agree. Black's Law Dictionary defines relative as "a person connected with another by blood or affinity; a kinsman ." 1291 (7th ed.1999). Similarly, Random House Webster's College Dictionary defines relative as "a person who is connected with another by blood or marriage." 1097 (2nd ed.1997). Black's Law Dictionary defines affinity as "the relation that one spouse has to the blood relatives of the other spouse; relationship by marriage." 59 (7th ed.1999). Kinship is defined as "relationship by blood, marriage, or adoption." Black's Law Dictionary 875 (7th ed.1999).

Additionally, Missouri case law has defined affinity as a legal relationship that arises as the result of marriage between each spouse and the consanguinal (blood) relatives of the other. *State ex inf. Roberts v. Buckley,* 533 S.W.2d 551, 554 (Mo. banc 1976); *Sommers v. Wood,* 895 S.W.2d 622, 623 (Mo.App. E.D.1995). We also find the following passage from a case out of this Court's Western District to be instructive:

> [I]f any insurance contract by its wording restricts coverage to persons related to the insured, then such terms as relative, relation, or related to are words of restruction (sic) applying to a relationship between the insured and others based upon consanguity or affinity. Stated another way, if the term 'relative' is used within any insurance contract, then coverage shall extend only to those persons within the 'household' related to the insured by consanguity or affinity. *Watt by Watt v. Mittelstadt,* 690 S.W.2d 807, 816 (Mo.App. W.D.1985).

The accident for which Devine seeks coverage occurred over a year after his divorce from McDuffee's mother. The marriage between Devine and McDuffee's mother created the relationship by affinity between Devine and McDuffee. Thus, any relationship by affinity that existed between Devine and McDuffee ended at the time of the divorce. Devine and McDuffee are not related by blood nor did Devine adopt McDuffee. Therefore, at the time of the accident, there was no present connec-

tion by blood, adoption, or marriage between Devine and McDuffee.[2] Thus, at the time of the accident, Devine was not a relative of McDuffee, and consequently not a "resident relative" or insured person under McDuffee's policy with Allstate entitled to recover uninsured motorist benefits. Devine's point on appeal is denied.

### Conclusion

Accordingly, we conclude that the trial court's judgment is supported by substantial evidence, is not against the weight of the evidence, nor does it erroneously declare or apply the law. The judgment of the trial court is affirmed.

LAWRENCE G. CRAHAN, J., and LAWRENCE E. MOONEY, J., concur.

---

**2.** We note that the quoted definitions above of "relative" and "affinity" speak to a connection present at the time of an accident or occurrence.