Deanna L. DENNY, Appellant,

v.

Heleena D. DURAN, et al.; Defendant,

and

American Family Mutual Insurance Company, Respondent.

No. WD 68094.

Missouri Court of Appeals, Western District.

March 4, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 29, 2008.

Application for Transfer Denied June 24, 2008.

Erik A. Bergmanis, Camdenton, MO, for Appellant.

Rhonda S. Loeppke, Independence, MO, for Respondent.

Before VICTOR C. HOWARD, C.J., LISA WHITE HARDWICK, and JAMES EDWARD WELSH, JJ.

JAMES EDWARD WELSH, Judge.

Deanna Denny filed a petition asserting claims against American Family for uninsured and underinsured coverage under her father's policy. American Family answered the petition by filing a motion for summary judgment denying that Denny was an insured person under the policy because she owned her own vehicle, which excluded her from coverage. Denny responded that her Ford Bronco was an off-road motor vehicle and, therefore, the exclusion was not applicable to her. American Family's motion for summary judgment was granted by the circuit court. Denny appeals. We affirm.

On December 11, 2000, Denny was in an automobile accident while driving a 1990 Ford Bronco, which she owned. At this time, Denny was residing with her parents. American Family had issued an automobile policy to Denny's father, Jerry Denny, that included uninsured and underinsured motorist coverage from November 25, 2000, to May 25, 2002. Under the Uninsured Motorist Coverage section, the policy states:

> You have this coverage if Uninsured Motorist coverage is shown in the declarations. We will pay compensatory damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle. The bodily injury must be sustained by an insured person and must be caused by accident and arise out of the use of the uninsured motor vehicle.

Under the Underinsured Motorist Coverage section, the policy states:

> We will pay compensatory damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an underinsured motor vehicle. The bodily injury must be sustained by an insured person and must be caused by accident and arise out of the use of the underinsured motor vehicle.

Insured person is defined in the policy as "You or a relative." Relative is defined in the policy as:

> [A] person living in your household, related to you by blood, marriage or adoption. This includes a ward or foster child. It excludes any person who, or

whose spouse, owns a motor vehicle other than an off-road motor vehicle.

Read together, these policy provisions provide Denny is not a relative and, therefore, not an insured person under the uninsured and underinsured coverage of the American Family policy if she owns a motor vehicle other than an off-road motor vehicle.

Our review of summary judgment is essentially de novo. *ITT Commercial Fin. Corp., v. Mid–Am. Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). "The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially." *Id.* Summary judgment is proper only if "the motion, the response, [and] the reply ... show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 74.04(c)(6).

■ Denny claims that American Family failed to define the term "off-road motor vehicle" in its policy and that, as a result, the policy is unclear and open to more than one interpretation thereby creating ambiguity and uncertainty as to whether Denny's Ford Bronco was an "off-road motor vehicle." Denny contends that the circuit court erred in granting American Family's motion for summary judgment because the term "off-road motor vehicle" is ambiguous and must be construed against the insurer to provide coverage. We disagree and find no ambiguity with the term "off-road motor vehicle."

■ Interpretation of the meaning of an insurance policy is a question of law. *Devine v. Gateway Ins. Co.,* 60 S.W.3d 6, 9 (Mo.App.2001). We give language its plain meaning, the meaning that the average layperson would understand. *Id.* Ambigu-

ity is not created just because the parties disagree on the interpretation of a term. *Id.* We consult standard English language dictionaries to determine the ordinary meaning. *Id.* Webster's New World College Dictionary 1002 (4th ed.2002) defines "off-road" as "designating or of a vehicle, as a dune buggy, for use off regular highways, streets, etc." The Merriam–Webster Online Dictionary, http://www. Merriam-Webster.com/dictionary/off-road, defines "off-road" as "of, relating to, done with, or being a vehicle designed especially to operate away from public roads."

The language of the policy does not include coverage for any person who, or whose spouse, owns a motor vehicle other than an off-road vehicle. Denny's Ford Bronco is both an on-road and an off-road vehicle. It is neither designated just for off-road use, nor is it designed especially or mainly for off-road use. Denny's vehicle was licensed and street legal. It was insured for operation on the public streets with a separate policy from a different insurance company. Denny was operating her vehicle on a public street at the time of the accident. Denny's Bronco was a motor vehicle designed primarily for operation on the public streets but capable of off-road use and, therefore, not an off-road vehicle. As such, Denny is not a relative insured under the American Family policy.

We, therefore, affirm the circuit court's judgment granting American Family's motion for summary judgment.

All concur.