**John M. SCHWAB, et al., Appellants,**

v.

**NATIONAL DEALERS WARRANTY, INC., Respondent.**

**No. ED 92373.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 8, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 21, 2009.

Application for Transfer Denied
Dec. 22, 2009.

Joe D. Jacobson, David T. Butsch, James J. Simeri, Clayton, MO, for appellants.

Thomas B. Weaver, Lisa M. Wood, Armstrong Teasdale LLP, St. Louis, MO, for respondent.

ROY L. RICHTER, Judge.

John M. Schwab, et al. ("Employees") appeal from the judgment of the Circuit Court of St. Louis County granting summary judgment in favor of National Dealers Warranty, Inc. ("Employer"). We affirm.

## I. BACKGROUND

The sole issue in this case is whether Employees' compensation constituted a "commission" as defined in Section 407.911 RSMo Cum.Supp.2005.[1] Employer is in the business of selling extended automobile warranties over the telephone and Employees are its former salesmen. Employees allege that Employer improperly failed to pay them certain commissions due and owing at the time their employment ended, in violation of Section 407.911 et seq. According to Employees, Employer improperly withheld an initial $1,000 deduction from each salesman's commission and failed to pay terminated salesmen their full commission amount upon their departure. Employees filed their lawsuit as a class action and seek recovery of those unpaid commissions in addition to statutory penalties.

The underlying facts are not disputed. Both parties agree that, in addition to a base salary, Employer compensated Employees based on "stated profit:" each salesman received ten percent of the stated profit on each warranty he sold. Employer determines the stated profit and admits it is somewhat of an arbitrary number. Regardless, stated profit represents

---

1. All subsequent statutory citations are to RSMo Cum.Supp.2005, unless otherwise noted.

the difference between a warranty's retail price, which Employer also establishes after considering estimated cost and overhead, and the final negotiated price between a salesman and a customer. Thus, the stated profit increases if the salesman sells the warranty for more than the retail price and it decreases if the salesman sells it for less. Employer is free to adjust the stated profit, and has done so three times since the beginning of operations in February 2005.

Employees offered a concrete example of stated profit using the "Choice" warranty. The Choice warranty retails for $2,271 and Employer established a stated profit of $800 for this particular warranty when sold at retail price. If a salesman were to sell the Choice warranty at retail price, his commission would equal ten percent of the $800 stated profit: $80. If a salesman were to sell the warranty for more than the retail price, he would likewise receive ten percent of that increase. For example, should the salesman sell the Choice warranty for $2,293, $22 above the retail price, the salesman would receive ten percent of the $22 increase in addition to his ten percent of the stated profit. Thus, the salesman would receive $80 plus $2.20 for a total commission of $82.20.

Employer filed a Motion to Dismiss or, in the Alternative, for Summary Judgment on the basis that Employees were not compensated in the form of "commission." The trial court agreed and granted summary judgment for Employer on the basis that Employees could not prove they were compensated based on "commission" as that term is defined in Section 407.911. Employees appeal.

## II. DISCUSSION

Our review of the trial court's grant of summary judgment is essentially de novo. *ITT Commercial Fin. v. Mid–America Marine Supply*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.*; *see also*, Rule 74.04(c). Furthermore, when the issue to be determined on appeal is a question of law, such as issues of statutory interpretation, we also review the trial court's judgment de novo. *City of Richmond Heights v. Waite*, 280 S.W.3d 770, 774 (Mo.App. E.D.2009).

In their sole point on appeal, Employees argue that the trial court erred in granting summary judgment for Employer because their compensation constituted "commission" as defined in Section 407.911. We disagree.

■■■■ Both parties agree that the issue of whether a certain payment structure constitutes a "commission" as defined by Section 407.911 is one of first impression in Missouri.[2] This Court is therefore faced with the task of statutory interpretation. "The primary rule of statutory construction is to ascertain the intent of the lawmakers by construing words used in the statute in their plain and ordinary meaning." *American Healthcare Management, Inc. v. Director of Revenue*, 984 S.W.2d 496, 498 (Mo. banc 1999) (quoting *Hyde Park Housing Partnership v. Director of Revenue*, 850 S.W.2d 82, 84 (Mo. banc 1993)). The judiciary is without authority

2. While acknowledging that this case presents an issue of first impression, both parties nonetheless improperly rely on *Hoffman v. Van Pak Corp.*, 16 S.W.3d 684 (Mo.App. E.D.2000) to support their respective arguments. *Hoffman* did not reach the issue of whether the payment structure met the statutory definition of a "commission" because it based its holding on the fact that the defendant did not meet the definition of a "principal." *Id.* at 690. *Hoffman's* holding is therefore inapplicable to this case.

to read into a statute a legislative intent contrary to the intent made evident by the plain language. *Emery v. Wal–Mart Stores, Inc.*, 976 S.W.2d 439, 449 (Mo. banc 1998).

Employees sought recovery of unpaid commissions and statutory penalties under Section 407.913 which provides:

> Any principal who fails to timely pay the sales representative commissions earned by such sales representative shall be liable to the sales representative . . . . an additional amount as if the sales representative were still earning commissions calculated on an annualized pro rata basis from the date of termination to the date of payment. In addition the court may award reasonable attorney's fees and costs to the prevailing party.

The statute only applies, however, if Employees can prove that they were paid based on "commission." Section 407.911 defines commission as: "compensation accruing to a sales representative for payment by a principal, the rate of which is expressed as a percentage of the dollar amount of orders or sales, or as a specified amount per order or per sale."

As Employer and Employees concede, there are two compensation schemes that qualify as commission in Missouri: a salesman's compensation can either be expressed as a percentage of the dollar amount of orders or sales, or as a specified amount per order or per sale. Section 407.911.

Employees argue that their compensation structure qualified under both sections of the definition. They first utilize the definition of "specified" to argue that Employer paid them a specified amount per sale in accordance with the second half of the definition. According to Employees, Merriam–Webster's defines "specified" as "1: to name or state explicitly or in detail; 2: to include as an item in a specification."

Since Employer had a detailed method for calculating their commission, and therefore salesmen knew how much commission to expect from any given warranty sale, Employees argue their commission constituted a specific amount per sale. Employees claim it is inconsequential that their commissions fluctuated with any given sale because the statute does not require that they be paid a fixed amount but rather only that the amount be described specifically and in detail.

Employer argues that Employees confuse the concept of a specific *method* for determining compensation with that of a specific *amount* of compensation. While Employer concedes it had a specific method for determining Employees' compensation, Employer nonetheless argues that Employees did not receive a specified amount of compensation per sale. Employer argues that this portion of the definition applies only to those sales or orders in which the principal pays the sales representative a set dollar amount—$100 per sale, for example.

■ We agree with Employer's interpretation. The statute defines commission, in part, as compensation which is expressed "as a specified amount per order or per sale." Section 407.911. The word "specified" modifies the word "amount." We consult standard English language dictionaries to determine the plain and ordinary meaning of words. *Denny v. Duran*, 254 S.W.3d 85, 87 (Mo. App. W.D.2008). The Merriam–Webster Online Dictionary, http://www.merriam-webster.com/dictionary/amount[2], defines amount as "the total number or quantity," or "a principal sum and the interest on it." Thus, "specified amount" means to name or state in detail the total number or quantity, or to name or state in detail the principal sum and the interest on it. The

plain language suggests to us that it applies to compensation that is expressed as a specific dollar amount per sale, a fixed principal sum, such as a $100 commission per warranty sold. Employees' compensation was dependent upon a variable and negotiated price and therefore did not constitute a "specified amount per order or per sale."

■ Moreover, we also agree with Employer that, were we to accept Employee's argument and read this half of the statute as applying to a specific *method* of determining compensation, we would render the first half of the statute unnecessary. When interpreting a statute, a court may not render any provision a nullity, and must give full effect to the statute's plain language. *State Bd. of Registration for Healing Arts v. Boston,* 72 S.W.3d 260, 265 (Mo.App. W.D.2002). As will be discussed, the first half of the "commission" definition covers payment structures that are based on a particular method of compensation. Thus, logic and the plain language of the statute lead us to read this portion as pertaining to a specific *amount* of compensation per sale or order.

Having determined that Employees' did not receive "commission" as defined by the second half of the statute, we now examine the first. That portion of the statute defines commission as compensation that is expressed "as a percentage of the dollar amount of orders or sales." Section 407.911. Employees argue that their compensation also qualifies as commission under this portion of the statute, primarily because they characterize "stated profit" as an "adjusted sales price." They claim that Employer's use of "stated profit" as the basis for calculating a commission does not change the commission's essential nature: that Employees are still paid based on a percentage of the dollar amount of sales, albeit an adjusted amount.

Employer argues that Employees' compensation does not qualify as commission because they were compensated based on a percentage of *profits* rather than sales. Employer highlights that all Employees testified in their depositions that Employer paid them ten percent of stated profits, and that that number increased or decreased depending on whether the salesman sold a product for more or less than the retail price.

Employer also asserts that the Missouri legislature could have defined commission to include compensation that is based on a percentage of profits, but chose not to do so. For example, the Illinois commission statute, enacted four years before Missouri's, defines commission as "compensation accruing to a sales representative for payment by a principal, the rate of which is expressed as a percentage of the dollar amount of orders or sales *or as a percentage of the dollar amount of profits.*" 820 ILCS 120/1(1) (emphasis added).

Of the states that have enacted commission statutes, some have chosen to include payment that is based on a percentage of profits in their definitions while others have not. *Compare* La.Rev.Stat. Ann. § 51:441 (defining "commission" as compensation that is "based on a percentage of the dollar amount of certain orders for or sales of the principal's product") *and* Fla. Stat. Ann. § 686.201 ("commission" means compensation which is "expressed as a percentage of the dollar amount of orders or sales") *with* N.C. Gen.Stat. Ann. § 66–190 (defining commission to include compensation that is "expressed as a percentage of the amount of orders, sales, *or profits* ...") (emphasis added) *and* Okla. Stat. Ann. tit. 15, § 676 (defining commission as compensation which is "expressed as a percentage of the dollar amount of orders, sales *or profits* ") (emphasis added).

 We must assume that, had the Missouri legislature intended to include compensation that is based on a percentage of profits in the definition of "commission," it would have so stated. To the contrary, the plain language of the statute affords no evidence of legislative intent to expand the definition in this manner. Our reasoning is further informed by the fact that we must strictly construe statutes that impose penalties. *Hoffman v. Van Pak Corp.*, 16 S.W.3d 684, 689 (Mo.App. E.D.2000).

 Employees' payment structure was clearly based on a percentage of profits, and each payment fluctuated depending on the warranty's negotiated price. Employer set a retail price for the warranties which Employer believed would cover overhead costs and expenses. Employer also established a somewhat arbitrary "stated profit" over and above the retail price, and Employees received ten percent of that stated profit. All Employees admitted they were compensated based on a percentage of profits. Whether the term "commission" should be extended to include payments based on a percentage of profits is a question for the legislature rather than the judiciary.

Because Employees were not paid "commission" as that term is defined in Section 407.911, the trial court did not err in granting summary judgment for Employer. Point one is denied.

### III. CONCLUSION

The judgment of the trial court is affirmed pursuant to Rule 84.16(b).

KURT S. ODENWALD, P.J., and GEORGE W. DRAPER III, J., concur.