**Vincent V. VOGLER, Appellant,**

v.

**GRIER GROUP MANAGEMENT CO., Respondent.**

No. ED 92940.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 9, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 29, 2010.

Application for Transfer Denied May 25, 2010.

Vincent D. Vogler, James Klenc, Co-counsel, St. Louis, MO, for appellant.

Shulamith Simon, Clayton, MO, for respondent.

## NANNETTE A. BAKER, Judge.

### *Introduction*

The issue in this case is whether the trial court properly granted summary judgment in favor of a property management company that had been sued for violating the Fair Debt Collection Practices Act (FDCPA).[1] Plaintiff, Vincent V.

Vogler, alleged that Defendant, Grier Group Management Company (Grier Group), violated the FDCPA when it attempted to collect past due condominium assessments. The trial court granted summary judgment to Grier Group. It also found that Vogler brought the claim in bad faith and awarded attorney's fees to Grier Group. We find no error and affirm.

### *Background*

The undisputed facts are as follows. In November 2006, Vogler purchased a unit at the Courtland Hall Condominium, which is governed by a condominium association. On August 30, 2007, Grier Group and the condominium association entered into a management agreement. Under the management agreement, Grier Group maintained the income and disbursements records, prepared and recommended an annual budget, submitted an annual report, and hired, supervised and discharged personnel.

After Vogler bought the condominium, he failed to pay the $200 monthly condominium assessment. According to his deposition testimony, he was working with Chris Long, the Association's Board of Directors' secretary, to resolve water, rodent and trash issues. He stated he did not pay his association fees because he felt the association was not properly handling his complaints regarding the building and his unit.

Chris Long contacted Derek Grier, director of business development with Grier Group, and asked him to call Vogler to resolve Vogler's issues. There is no dispute that on September 20, 2007, Derek called Vogler while Vogler was working at his father's law office. Following this phone call, Vogler filed a petition against Grier Group, alleging that Grier Group

1. 15 U.S.C. §§ 1692–1692p (2007).

violated Section 806 of the FDCPA in part by contacting Vogler at his place of employment and attempting to collect an alleged outstanding debt.

Grier Group moved for summary judgment on the grounds that it was not a debt collector, as defined by the FDCPA. In its motion, Grier Group claimed that it was in the business of providing property management services, not debt collecting. The unit owners send their monthly assessments directly to the bank, not Grier Group. If unit owners do not pay their assessments, Grier Group will send only one reminder letter, unless the Board directs otherwise. Grier Group claimed that it spends less than 2% of its time on delinquent assessments.

Vogler filed two responses. The first response was inadequate, and failed to comply with Rule 74.04(c)(2). At the hearing on the motion for summary judgment, the trial court gave Vogler leave to amend, which he did. The exhibits in the amended motion contained letters from Grier Group to other tenants regarding outstanding condominium assessments, Board meeting minutes, a copy of Grier Group's web page and depositions. Grier Group filed a motion to strike, claiming that Vogler's exhibits, except the depositions, were not properly identified, certified or authenticated, and, therefore, were hearsay and not admissible. The trial court granted Grier Group's motion for summary judgment. It found that there were no disputed material facts in that "Plaintiff's Response to Defendant's Statement of Uncontroverted Material Facts has admitted each of such statements, either expressly or by failure to comply with the provisions of Rule 74.04(c)(2)." The court also ordered Vogler to pay Grier Group's reasonable fees totaling $6035.00, because it found the case was brought in bad faith

and for the purposes of harassment. Vogler now appeals.

### Discussion

Vogler raises two points on appeal. In his first point, he claims the summary judgment was improper because a genuine issue of material fact exists as to whether Grier Group was a debt collector as defined by the FDCPA.

Whether a motion for summary judgment should be granted is a question of law and our review is essentially de novo. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is proper where the movant establishes the absence of any genuine issue of material fact and a legal right to judgment. *Id.* at 378. We will review the record in the light most favorable to the party against whom judgment has been entered. *Id.* at 376. Facts set forth by affidavit or otherwise in support are taken as true unless contradicted by the non-moving party's response. *Id.* We will affirm the trial court's judgment if it is sustainable on any theory. *Id.* at 387–88; *Citibrook II, L.L.C. v. Morgan's Foods of Missouri, Inc.*, 239 S.W.3d 631, 634 (Mo.App. E.D.2007).

A moving party who is a defendant: establish[es] a right to judgment by showing (1) facts that negate any one of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements, or (3) that there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense. Regardless of which of these three means is employed by the

[defendant], each establishes a right to judgment as a matter of law.

*ITT Commercial Fin. Corp.*, 854 S.W.2d at 381.

■ To avoid summary judgment, Vogler had to file a response complying with Rule 74.04(c)(2) and supplement the summary judgment record before the court with specific facts to show a genuine issue of disputed material fact. Rule 74.04(e); *Peck v. Alliance Gen. Ins. Co.*, 998 S.W.2d 71, 75 (Mo.App.E.D.1999). Vogler's response did not comply with Rule 74.04. His response contained only unverified or insufficiently verified denials and was inadequate to rebut the evidence relied on in support of a motion for summary judgment. Where the response does not admit or deny each factual statement in the motion or contain adequate citations to the record to rebut the factual assertions in the motion, as required by Rule 74.04(c), we take the factual assertions contained in the motion as true. *Peck*, 998 S.W.2d at 75.

■ In his petition, Vogler alleged that Grier Group is a debt collector and that it violated the FDCPA when it contacted him at his place of business and attempted to collect a past due assessment.

Under the FDCPA, section 1692e prohibits the use of false, deceptive or misleading representation or means in connection with the collection of any debt. *See also Alexander v. Omega Mgmt.*, 67 F.Supp.2d 1052, 1054 (D.Minn.1999). Section 1692a(6) defines a debt collector as:

any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due

another.... The term does not include—

(F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity

(iii) concerns a debt which was not in default at the time it was obtained by such person;

In its motion for summary judgment, Grier Group maintained that its principal purpose is not debt collection, rather that it is a property management company.

The interpretation of a statute is a question of law. *McKinney v. State Farm Mut. Ins.*, 123 S.W.3d 242, 245 (Mo.App. W.D.2003). In *Alexander*, the United States District Court for Minnesota addressed whether one who is hired to manage a town home community is a debt collector under the FDCPA. The court found Omega Management, who was hired to manage plaintiff's home owners association, was not a debt collector because its principal purpose was not the collection of debts, but the management of property. *Id.* at 1054. Omega Management spent less than 3% of its time collecting assessments. The court also found that Omega was not a debt collector because the debt, monthly assessments, was not in default when Omega first attempted to collect it. *Id.* at 1055.

This case is factually similar to *Alexander*. While not binding precedent, we find *Alexander*'s reasoning persuasive. Like Omega Management, Grier Group's principal purpose is not the collection of debts. In its statement of uncontroverted material facts, Grier Group stated that it spends less than 2% of its time on delinquent assessments. Vogler failed to rebut this assertion in his response to Grier Group's motion for summary judgment.

Vogler claims that this case is distinguishable from *Alexander* because the issue here is not whether Grier Group's principal purpose is the collection of debts, but whether Grier Group regularly collects debt owed to another. Vogler claims that the court in *Alexander* never reached this analysis, finding Omega was not a debt collector because its principal purpose was not debt collection. On appeal, Vogler argues that Grier Group is a debt collector because it regularly attempts to collect debts owed another or asserted to be owed another. However, the undisputed facts demonstrate that Grier Group does not regularly attempt to collect debts owed another, as defined in Section 1692a(6).

Specifically, Vogler relies on Grier Group's web page, which indicates that a basic service it provides is the collection of association fees. However, the collection of association fees does not make one a debt collector because association fees are generally not in default when collected. Section 1692a(6) specifically excludes from the definition of debt collector one who collects debt that is not in default when obtained by that person. Section 1692a(6)(F)(iii).

Vogler also claims that Grier Group routinely sends demand letters for past due assessments. However, the undisputed facts show that Grier Group sends one reminder letter immediately after a monthly assessment has not been paid. Thereafter, the Board handles the collection of past due assessments through its attorneys. Again, Vogler failed to cite to specific evidence in the record to rebut Grier Group's assertion. The three instances in the record where Grier Group sent letters or drew up agreements to settle outstanding accounts were at the Board's direction.

The trial court did not err when it granted Grier Group's motion for summary judgment because the undisputed facts demonstrate Grier Group's principal purpose is not the collection of debt and it does not regularly collect or attempt to collect debts, as defined in Section 1692a(6). Point I is denied.

In his second point, Vogler contends that the trial court erred in finding that he brought the claim in bad faith and in awarding attorney's fees. We will reverse the trial court's decision to award attorney's fees only if it abused its discretion. *Workman v. Workman*, 293 S.W.3d 89, 101 (Mo.App. E.D.2009). "An abuse of discretion occurs where the trial court's decision was so arbitrary and unreasonable as to shock one's sense of justice and shows a lack of deliberation." *Id.*

Section 1692k(a)(3) of the FDCPA permits the court to award attorney's fees and costs to the defendant if it finds that the action was brought in bad faith and for the purpose of harassment. The trial court stated in its findings and judgment: "Since the uncontroverted material facts establish that there was no justification for the Plaintiff's suit, the Court finds that it was brought in bad faith and for the purpose of harassment." We do not find that the trial court's decision shows a lack of deliberation or shock one's sense of justice. Accordingly, it did not abuse its discretion in awarding attorney's fees to Grier Group. Point II is denied.

### Conclusion

For the foregoing reasons, we affirm the trial court's grant of summary judgment and its award of attorney's fees.

KATHIANNE KNAUP CRANE, P.J., and CLIFFORD H. AHRENS, J., concur.