NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2538
_____

BROWNSTONE SPECIALTY FINANCE, INC.,

Appellant

v.

FREEDOM MORTGAGE CORPORATION
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-16-cv-05412)
District Judge: Honorable Noel L. Hillman
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 12, 2018

Before: AMBRO, JORDAN, and HARDIMAN, Circuit Judges

(Filed: June 15, 2018)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

HARDIMAN, Circuit Judge

Brownstone Specialty Finance, Inc. appeals an order of the United States District Court for the District of New Jersey dismissing its complaint against Freedom Mortgage Corporation. We will affirm, essentially for the reasons stated in the District Court's thorough opinion.

I

Brownstone provided commercial loan origination referral services to Freedom under a services agreement that became effective on September 1, 2014. Under the agreement, Brownstone earned a consultant fee once each loan was closed. The consultant fee was "based upon the profitability of the sale of the loan into a capital markets/securitization structure for any such borrower referral," App. 30, and was calculated based on an attached fee schedule. The fee schedule stated that Brownstone was "entitled to 12% of realized Net Profits from the sale of each referred loan," and it allowed Brownstone to receive an advance of $20,000 per month "against expected earned Consultant Fees." App. 36. The parties were required to reconcile those draws quarterly against any consultant fees actually earned.

The services agreement permitted either party to terminate it "at any time for any reason" after giving 30 days written notice. App. 32. Nearly two years after their arrangement began, Freedom terminated the agreement by letter dated July 5, 2016. After Freedom failed to pay the monthly draw for June, July, and the first week of August, Brownstone brought suit, asserting claims for breach of contract and unpaid commissions in violation of the New Jersey Sales Representatives' Rights Act (SRRA), N.J. Stat. Ann.

2

§§ 2A:61A-1–2. In support of its SRRA claim, Brownstone alleged that the monthly draws were "commissions" under the Act.

The District Court granted Freedom's motion to dismiss the SRRA claim, concluding that "neither the Monthly Draw, nor the Consultant Fee qualify as a 'commission' within the meaning of the Act." *Brownstone Specialty Fin., Inc. v. Freedom Mortg. Corp.*, 2017 WL 2829607, at \*3 (D.N.J. June 30, 2017).

II[1]

Brownstone argues that the District Court adopted an impermissibly narrow reading of "commissions" under the SRRA and relied on other states' statutes instead of New Jersey caselaw to reach that conclusion. We disagree.

The SRRA protects sales representatives against the nonpayment of commissions. Specifically, the Act provides:

> When a contract between a principal and a sales representative to solicit orders is terminated, the commissions and other compensation earned as a result of the representative relationship and unpaid shall become due and payable within 30 days of the date the contract is terminated or within 30 days of the date commissions are due, whichever is later.

N.J. Stat. Ann. § 2A:61A-2. The SRRA defines "commission" as "compensation accruing to a sales representative for payment by a principal, . . . the rate of which is expressed as a percentage of the dollar amount of orders or sales or as a specified amount per order or per sale." *Id.* § 2A:61A-1(a).

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's order granting a motion to dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 206 (3d Cir. 2009).

3

As the District Court found, monthly advances against the profit-based consultant fees that Brownstone expected to earn are not commissions protected by the SRRA. The SRRA defines "commission" as compensation based on one of two formulas: (1) a percentage of the dollar amount of orders or sales; or (2) a specified amount per order or per sale. *Id.* Here, Brownstone's $20,000 monthly draw was "fixed, and independent of the number of sales of loans referred by Brownstone." *Brownstone*, 2017 WL 2829607, at *4. Moreover, its consultant fee was compensation "based on a percentage of *net profitability* of the sale of the loans referred by Brownstone," whereas the "express language of the SRRA encompasses percentage-based commission . . . only where the percentage-base is tied to '*the dollar amount of orders or sales.*'" *Id.* (quoting N.J. Stat. Ann. § 2A:61A-1(a)) (emphasis added).

Brownstone faults the District Court for failing to cite controlling precedent interpreting the SRRA's definition of "commission," but it fails to offer any authority to support its position. Brownstone is correct that the SRRA and similar laws "have been liberally construed in order to fulfill their 'humanitarian and remedial' purposes." *Kas Oriental Rugs, Inc. v. Ellman*, 972 A.2d 413, 429 (N.J. Super. Ct. App. Div. 2009) (citation omitted). It is also the case, however, that a statute's plain language is the "best indicator" of legislative intent. *State v. Gandhi*, 989 A.2d 256, 264 (N.J. 2010). Indeed, the New Jersey Legislature has instructed that, when construing its statutes, "words and phrases shall be read and construed with their context, and shall, unless inconsistent with the manifest intent of the Legislature or unless another or different meaning is expressly indicated, be given their generally accepted meaning." N.J. Stat. Ann. § 1:1-1. As the

District Court explained, neither the monthly advance nor the consultant fee qualifies as a "commission" under the language of the SRRA. *Brownstone*, 2017 WL 2829607, at \*3.

Nor did the District Court err when it cited statutes from other states to support its interpretation of the SRRA. Those references persuasively supported the District Court's interpretation to the extent they showed that other state legislatures "have specifically included in the definition of 'commission' those that are derived from a percentage-base of profits." *Id.* at \*4 (citing N.C. Gen Stat. Ann. § 66-190(1); Okla. Stat. Ann. tit. 15, § 676; Md. Code Ann., Lab & Empl. § 3-601(b); Ohio Rev. Code Ann. § 1335.11(A)(1)). "Unlike these states, the New Jersey SRRA does not expressly include in the definition of commission . . . percentage-based compensation derived from profits." *Id.*; s*ee also Schwab v. Nat'l Dealers Warranty, Inc.*, 298 S.W.3d 87, 92 (Mo. Ct. App. 2009) ("Whether the term 'commission' should be extended to include payments based on a percentage of profits is a question for the legislature rather than the judiciary.").

Because Brownstone was not due any "commissions" as defined by the SRRA, the District Court did not err in dismissing its SRRA claim. We will therefore affirm.